B. H. MANN v. STATE.
No. A-3239. Opinion Filed Feb. 9, 1920.
(186 Pac. 1098.)

Appeal from District Court, Okmulgee County; Ernest B. Hughes, Judge.

B. H. Mann was convicted of the crime of unlawfully receiving stolen property, and he appeals. Appeal dismissed.

E. M. Carter and J. C. Evans, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction against the defendant, B. H. Mann, for the crime of unlawfully receiving stolen property, rendered in the district court of Okmulgee county on the 16th day of October, 1917; the defendant being sentenced to serve two years' imprisonment in the state penitentiary at McAlester, Okla. Petition in error and case-made were filed in this court on January 10, 1918. On October 3, 1919, the Attorney General filed a motion to dismiss this appeal for the reason and upon the ground that no notices of appeal were ever served upon the clerk of

the court where the judgment sought to be appealed from was entered nor upon the county attorney of such county, stating that the defendant appealed from said judgment of conviction. No response has been made by the defendant to said motion. The record filed in this court fails to disclose that the plaintiff in error, within the time allowed for taking the appeal, served any notices of appeal upon the clerk of the court or county attorney, as provided in section 5992, Revised Laws 1910; nor does it appear that any summons in error was ever issued in behalf of defendant and served upon the Attorney General, or that any waiver of the issuance and service of same was ever made by such officer and a general appearance in behalf of the state has ever been entered in this court in this cause by the Attorney General. See section 5997, Revised Laws 1910. Either the method provided in section 5992, supra, must be followed, or else summons in error must be served upon the Attorney General, or its issuance and service waived by said officer, as provided in section 5997, supra, before this court can acquire jurisdiction of an appeal in a criminal cause. State v. McDonald, 10 Okla. Cr. 413, 137 Pac. 362. As neither of such methods were pursued in this case, the court is without jurisdiction to entertain the appeal and decide the cause on its merits. The attempted appeal herein by the defendant is therefore dismissed.