### OTHA TAYLOR v. STATE.

No. A-3466—Opinion Filed Jan. 8, 1921.

(194 Pac. 263.)

(Syllabus.)

APPEAL AND ERROR—Notice of Appeal or Summons in Error. Within the time allowed for taking the appeal, notices of appeal must be served upon the clerk of the trial court and the county attorney (as provided in section 5992, Revised Laws 1910), or else summons in error must be served upon the Attorney General, or its issuance and service waived by said officer (as provided in section 5997, Revised Laws 1910), before this court can acquire jurisdiction of an appeal in a criminal cause.

*Appeal from District Court, Le Flore County;*

*W. H. Brown, Judge.*

Otha Taylor was convicted of larceny of live stock, and he appeals. Dismissed.

*Neal & Neal* and *J. E. Fleming,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

PER CURIAM. This is an attempted appeal from

the district court of Le Flore county, from a judgment rendered in said court on the 5th day of April, 1918, against defendant, Otha Taylor, on a verdict finding defendant guilty of larceny of live stock; the punishment assessed being imprisonment in the state penitentiary at McAlester, Okla., for a term of two years.

Petition in error with case-made attached was filed in this court on the 2d day of October, 1918, and within the time allowed by law for taking an appeal in felony cases.

On the 10th day of December, 1920, the Attorney General filed a motion to dismiss this appeal for the reason that the proper preliminary steps were never taken to perfect the same. No response has been made to this motion.

The record filed in this court fails to disclose that plaintiff in error, within the time allowed for taking the appeal, served any notices of appeal either upon the clerk of the trial court or the county attorney of Le Flore county, as provided in section 5992, Revised Laws 1910; nor does it appear from the records of this court that any summons in error was ever issued in behalf of plaintiff in error and served upon the Attorney General, or that there was any waiver of the issuance and service of a summons in error by such officer, as provided in section 5997, Revised Laws 1910.

Either the method provided in section 5992, supra, must be followed, or else summons in error must be served upon the Attorney General, or its issuance and service waived by said officer, as provided in section 5997, supra, before this court can acquire jurisdiction of an

appeal in a criminal cause. *Mann v. State,* 17 Okla. Cr. 703, 186 Pac. 1098; *Robinson v. State,* 17 Okla. Cr. 717, 189 Pac. 763; *Sarten v. State,* ante, p. ...., 193 Pac. 743.

The plaintiff in error, as shown by the records of this court, having failed to perfect this appeal in either of the above methods, this court is without jurisdiction except to dismiss the same.

For reasons stated, the appeal is dismissed and the cause remanded to the trial court, with directions to enforce the judgment.