(No. 2059. January 14, 1918.)

## STATE v. SUPERIOR LUMBER & MILL CO.

### SYLLABUS BY THE COURT.

Over-valuation of property assessed for taxation purposes · is a good defense to an action brought by the state to recover alleged delinquent taxes, where payment of the amount legally due is pleaded, and resort is had to the legal and statutory remedies to avoid the excessive assessment.

Appeal from District Court, Sandoval County; Raynolds, Judge.

Complaint by State of New Mexico against the Superior Lumber & Mill Company. Judgment for defendant dismissing the complaint, and the State appeals. Affirmed.

Milton J. Helmick, Asst. Atty. Gen., for the State. Carl H. Gilbert and N. B. Field, both of Albuquerque. for appellee.

### OPINION OF THE COURT.

.PARKER, J. This is an appeal by the State of New Mexico from a judgment entered by the District Court of Bernalillo county, dismissing the complaint of the state.

The complaint, filed by the state, alleges that property, real and personal, of the appellee, the Superior Lumber & Mill Company, a corporation, located in the county of Bernalillo, was assessed for taxation for the year 1915, for state, county, and other purposes and

a levy made thereon; that the amount of taxes now due and payable amount to $600.81, and judgment was prayed therefor. The answer of the appellee admitted that all of its property, real and person, including its stock, furniture, and fixtures, was assessed for taxation purposes for the year 1915, and a levy made thereon, but denied that $600.81, or any other sum, was due thereon. By way of new matter and as a further defense it was alleged that it made return of all of its property, real and personal, for taxation for the year 1915; that it returned its stock, furniture, and fixtures by an adequate and correct description and without omission; that the county commissioners of said county ascertained the true value of classes of property subject to taxation in said county; that thereafter the assessor of said county "listed upon the tax assessment rolls of said county all of the property of this defendant, real and personal, including stock, furniture, and fixtures;" that the valuation fixed by the assessor, upon the basis of actual value, was $17,140; that the county commissioners, sitting as a county board of equalization, revised, corrected, and completed the assessment rolls of said county, and no appeal was taken from their action nor from the action of said assessor in listing the property of the defendant, including its stock, furniture, and fixtures on the assessment rolls of said county at the total valuation of $17,140; that in the distribution of the total valuation placed upon all its property was the item "Personal property, valuation $6,100," and "this defendant alleges that in said item there was included, in addition to its other personal property, all of its stock, furniture, and fixtures;" that the assessor transmitted the assessment rolls of said county to the state tax commission, pursuant to statute, upon which all the property of the appellee was listed and valued at $17,140, including therein the item of $6,100 under the head of "Personal Property," which included all its stock, furniture, and fixtures "correctly and adequately described and none omitted;" that on the 19th of July, 1915, two members of the said tax commission, which

was less than a quorum thereof, adjourned the regular meeting of said commission to August 30, 1915, when said commission met pursuant to said adjournment and proceeded with the hearing of appeals, until on the 10th day thereof, when a resolution was passed reciting that the ten-day limit. for the July meeting was about to expire, and therefore, much unfinished business remaining to be done, a special meeting would be held beginning September 10, 1915; that such special meeting was held pursuant to such resolution, at which meeting the said commission pretended to find and ascertain the actual total value of all taxable property in the counties of the state, and a pretended order was made declaring such total to amount to $18,138,851.15 in the coutyn of Bernalillo; that said commission at said meeting pretended to examine the assessment rolls of the counties, and did make order to the effect that the total valuation of property appearing on the rolls of Bernalillo county amounted to $17,606,52. (which it will be noted was $532,329.15 less than the value of such property as ascertained by the commission); that thereupon said commission assumed to make an order increasing the assessed valuation of property in divers counties of the state in designated percentage over and above the value thereof as shown from the assessment rolls, Bernalillo county property being increased in total value 3.77 per cent.; that thereafter, upon a statement made by the chief accountant of the said commission, said order was modified and amended, and in lieu thereof an order was made distributing the money increase represented by the 3.77 per cent. increase valuation of property in Bernalillo county among designated classes of property and by placing on the assessment rolls of said county omitted or incorrectly or inadequately described property, which included stock, furniture, and fixtures of the property of appellee assessed in the sum of $26,422.05; that the assessor spread such assessment or certification of omitted or incorrectly or inadequately described property on his assessment rolls, which constituted an assessment $26,422.05 in excess of that

made by the assessor in the first instance and approved
by the board of county commissioners, sitting as a
county board of equalization; that appellee, in making
its return of property for taxation for the year 1915,
intended to return "and did return" all of its per-
sonal property, including its stock, furniture, and fix-
tures under the head of "Personal Property" found
upon the schedule as "Merchandise, average stock
during 1914," and that the return was so understood
and considered by the assessor and county board of
equalization ;that the property was properly and ac-
curately described in accordance with the form of the
schedule furnished by the assessor, and none of its
property, including stock, furniture, and fixtures, was
omitted therefrom; that the levy on the increased as-
sessment caused by the acts aforesaid amounted to
$560.36 in excess of the legal tax. Certain delinquen-
cies on the part of the commission, having to do with
matters of procedure and practice, are then alleged
in the answer. It was further alleged that it had no
notice of the action of the commission nor opportunity
to be heard with reference thereto; that after the ex-
piration of the July, 1915, meeting of the commission
it lost all jurisdiction over the matters specified
in Section 6, Chap. 54, Laws 1915; that by virtue of
the raise in the assessed valuation of the property of
appellee it is required to pay a proportionately greater
and higher tax upon its property than owners of the
same class of property of equal value; that the original
assessed valuation of $6,100, upon the personal prop-
erty of the defendant, plus the increase of $26,442.05,
"is greatly in excess of the actual value of said prop-
erty;" that redress of the injury caused by the in-
creased assessment was sought under the provisions
of section 5475, Code 1915, but denied it by the dis-
trict attorney, who refused to present its petition to
the district court, a copy of the petition and the en-
dorsement of the determination of the district attorney
being attached to the answer.

To this answer the district attorney filed a general
demurrer, which simply stated that the answer did

not allege facts sufficient to constitute a defense. It is upon these pleadings that the question raised here must be determined.

The following propositions are raised and argued by the state: (1) The state tax commission may make orders without having taken sworn evidence and on any information satisfactory to it; (2) the commission had power to make the order referred to in the answer at the alleged special meeting held in September; (3) the commission may certify omitted, incorrectly described, or inadequately described property without giving notice thereof to persons affected thereby; (4) that appellee was not deprived of due process of law, nor denied the equal protection of the law, nor was the order raising individual assessments arbitrary or made without authority; and (5) that the commission possessed authority to certify omitted property and assess the same. The appellee contends that as the demurrer was general it might have been disregarded by the trial court, but that having been considered it must be overruled if the facts stated, or facts properly inferable therefrom, will support the action of the court; that the denial of the indebtedness alleged to be due by appellant joined an issue which was not affected by the demurrer to the new matter alleged in the answer; that there is no admission in appellee's second defense of the valid levying of an additional assessment against the property; and that the second defense does not admit that the commission raised appellee's assessment legally under section 6 of chapter 54, Laws 1915.

From this extended statement of the facts and the position taken by counsel for the parties hereto it will be seen that the parties agree that the most important question in the case concerns the right and power of the state tax commission to raise individual assessments, or to certify and assess property which prima facie appears to have been omitted or incorrectly or inadequately described on the assessment rolls transmitted to the commission by the assessor; such action being taken by the commission at an alleged "special

meeting.' The appellant argues that the action of the commission was taken under section 8, chapter 54, Laws 1915, whereas appellee argues that the action was taken under sections 6 and 8 of said chapter.

On the tax schedule, under the head of "Personal Property," appears an item designated as "Merchandise, average stock for 1914." Appellee asserts that its stock, furniture, and fixtures were returned under the latter head. Evidently the state tax commission, upon an investigation and inspection of the assessment rolls of Bernalillo county, concluded that the furniture and fixtures of the appellee had not been returned for taxation. Thereupon it made the order to which reference has heretofore been made.

The view we take of this case makes it unnecessary to detrmine many of the questions presented by the parties hereto. The issue tendered by the complaint was that appellee was indebted to the state in a certain sum on account of delinquent taxes levied upon an assessment of its property. This issue was met by a denial thereof on the part of appellee, and a defense by way of new matter alleging facts tending to show that appellee had paid all taxes legally assessed against it and disclosing that illegal acts on the part of the said commission resulted in increasing the amount of taxes chargeable against it.

We shall assume, for the purposes of this case, that the procedure adopted by said commission was according to law, and that its action was in all respects legal. Notwithstanding that assumption, however, the judgment of the trial court must be affirmed. In the answer by way of new matter it is alleged that the original assessment laid against its property included its stock, furniture, and fixtures, and was assessed at $6,100, and that such valuation plus the additional assessment of $26,422.05 thereon "is greatly in excess of the actual value of said property." The general demurrer filed by the state, through the district attorney, of course admitted the truth of this allegation. Therefore, independent of all questions concerning the legality of the action of the commission in proceeding

to certify the property of appellee as omitted from the rolls or incorrectly or inadequately described, the pleadings presented a clear case of over-valuation of the property of appellee. Facts were also alleged showing that appellee applied to the district attorney, under section 5475, Code 1915, for relief from said assessment; one of the grounds alleged therefor being that ''said original assessment of $6,100, pluss the alleged rate of $26,422.05, is more than the said property is actually worth.'' The district attorney refused to present the appellee's petition for the correction of such assessment to the district court, declaring that the error was not such as is contemplated by section 5475, Code 1915. That this answer by way of new matter was responsive to the issue tendered by the state is unquestioned. The question, therefore, is not different from the one presented in those cases brought to enjoin action on the part of tax officials on the ground that the property of the plaintiff is over-valued, except that in one case the defense or right of action is asserted in a suit in equity and in the other in an action at law. In South Springs Ranch & Cattle Co. v. State Board of Equalization, 18 N. M. 531, 569, 139 Pac. 159, 173, we said, speaking to what is now section 5475, Code 1915:

"It is to be noticed that the word 'injustice' to the taxpayer is employed in this section. The word 'injustice' would seem to be the broadest term which the Legislature could have employed in this connection. Any case of over-valuation of the property by the taxpayer would seem clearly to be an injustice within the meaning of the act. It is to be further noticed that an injustice which is discovered after the tax rolls come into the hands of the collector is to be relieved against, under the terms of the section. *. * *''

We then proceeded to state that the action of the state board of equalization was not final, and that the action of the district attorney on the petition presented to him by the taxpayer is likewise not final, but that the aggrieved person, after resorting to all the means provided by law for the correction of the tax, might seek redress in the courts; the court saying:

"The taxpayer who has been wronged by over-valuation

of his property and who has had no notice of the action which results in injury, and who has applied to the district attorney without avail, certainly has the right to relief in the courts. If the taxpayer presents to the district attorney substantial evidence of the injustice complained of, and the district attorney refuses to act, his arbitrary refusal to submit the matter to the court would amount to legal fraud. This would bring the taxpayer clearly within the right to equitable relief against the excessive portion of the tax. * * *"

The appellee, in the case at bar, was not required to resort to an injunction suit to obtain this relief. The defense was responsive to the issue tendered in the complaint by the state, and appellee's right to relief was identical with the right if asserted in an equitable proceeding or suit. The demurrer having admitted that the property of appellee as finally assessed by the taxing officials was over-valued, and as such defense was clearly responsive to the issue tendered by the complaint of the state, the trial court did not err in sustaining the demurrer.

The judgment of the trial court will therefore be affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.