## FIRST STATE BANK OF BERNALILLO v. STATE.

[No. 2521.   Oct. 27, 1920.]

### SYLLABUS BY THE COURT.

1. A proceeding, under section 5475, Code 1915, for the reduction of the assessed valuation of the property of the taxpayer, is between the taxpayer and the state, in which the taxpayer is properly designated as the plaintiff and the state as the defendant.                                                    P. 402

2. The improper designation of the appellant as the plaintiff, instead of the defendant, in an application for an appeal and the order allowing the same, will be disregarded by the Supreme Court, where the record clearly shows that the appeal was applied for by and allowed to the defendant.   P. 402

3. An appeal by the state tax commission or special counsel, under and pursuant to section 2, chapter 101, Laws 1919, from an order of the district court reducing the assessed valuation of a taxpayer's property, is an appeal by the state, and no cost bond is required.                                           P. 403

Appeal from District Court, Sandoval County; Hickey, Judge.

Proceeding by the First State Bank of Bernalillo against the State of New Mexico, to reduce the assessment of property for taxation, with service of notice on the State Tax Commission, which appeared by its special attorney. Assessment of plaintiff bank reduced, and the commission's special attorney filed an application for appeal, which was allowed. Motion to dismiss the appeal denied.

JOHN VENABLE, of Albuquerque, for appellant.
MARRON & WOOD, of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, J.   On April 5, 1920, the First State Bank of Bernalillo submitted its complaint to the district attorney of Sandoval county, under the provisions of section 5475, Code 1915, complaining of the assessment of its property for taxation, and alleged that an injustice had been done it in such matter. The district attorney presented an application to the district court of said county, asking for a modification of the assessed

valuation of the property of said petitioner. Notice was served on the state tax commission, and the judgment of the court shows that "John Venable, Esq., special attorney for the state tax commission," appeared in opposition to the petitioner. This appearance and representation on behalf of the state tax commission was authorized by chapter 101, Laws 1919. The court reduced the assessed valuation of the property of said bank and Mr. Venable, special counsel for the state tax commission, filed the following application for an appeal:

"Comes now the plaintiff by its special counsel, John Venable, and makes this its application and notice of appeal from the judgment of the district court of said Sandoval county to the Supreme Court of the state of New Mexico, and asks the honorable district court of said county to make an order, granting an appeal from its judgment herein to the Supreme Court of the state of New Mexico."

The order of the court allowing the appeal used the same term, viz., "upon notice and application of plaintiff," and it was ordered that "plaintiff be, and it is hereby, granted an appeal from said judgment."

[1, 2] The petitioner in the court below, appellee here, has filed a motion to dismiss the appeal upon two grounds: First, that no appeal had been prayed for or taken by or on behalf of any person authorized by law to take or perfect or prosecute such an appeal, and that the order and motion for an appeal in this cause fail to specify any party as taking the appeal, lawfully permitted to appeal the same; second, that no bond has been given upon the appeal as required by law to perfect the same.

The argument under the first point is that, by the use of the word "plaintiff" in designating the appellant, the application for the appeal is defective. The statute, section 2, chapter 101, Laws 1919, authorizes an appeal in such a case as this "by the state tax commission, or special counsel employed by the commission, or by the taxpayer, from the decision or final order of the district court" in such matter. Whether the appeal is taken by the state tax commission or by special counsel,

in all cases it is taken on behalf of the state, for it alone is the interested party. The state tax commission and the special counsel are only the agents designated by statute to represent the state.

"A proceeding for the assessment and collection of taxes is between the taxpayer and the state or municipality levying the tax." 37 Cyc. 1116.

The designation in the application for the appeal of the state, the party in interest, as the plaintiff, was technically incorrect. The state would more properly be the defendant in such a proceeding, but the record here clearly shows that Mr. Venable was appearing as special counsel for the state tax commission in such matter, and that he was endeavoring to take an appeal on behalf of the state from the order or judgment reducing the assessed valuation of the appellee's property. That the application for appeal, or the order allowing it, improperly designated the state as the plaintiff, we regard as of no consequence, because the record shows that it was the state that was appealing, and that the district court intended to allow it the appeal sought. The case will be properly docketed here as indicated in this opinion.

[3] This conclusion disposes of the contention that a bond for costs should be given. The statute (section 15, chapter 43, Laws 1917) exempts "the state, county or other municipal corporation" from giving a cost bond where it appeals. This we hold to be an appeal by the state; hence no cost bond is required.

For the reasons stated, the motion to dismiss the appeal will be denied, and it is so ordered.

RAYNOLDS, J., concurs.

PARKER, C. J., being absent did not participate.