# E. S. SARTEN v. STATE.

No. A-3374—Opinion Filed Dec. 11. 1920.

(193 Pac. 743.)

(Syllabus.)

1.   **APPEAL AND ERROR—Time for Appeal.** In felony cases, the appeal must be taken within six months after the judgment was rendered.

2.   **SAME—Notice of Appeal and Summons in Error.** Within the time allowed for taking the appeal, notices of appeal must be served upon the clerk of the trial court and the county attorney (as provided in section 5992, Rev. Laws 1910), or else summons in error must be served upon the Attorney General, or its issuance and service waived by said officer (as provided in section 5997, Rev. Laws 1910), before this court can acquire jurisdiction of an appeal in a criminal cause.

*Appeal from District Court, Oklahoma County;*

*Frank Mathews, Assigned Judge.*

E. S. Sarten was convicted of the crime of maintaining a gambling nuisance and sentenced to pay a fine of $500, and he appeals. Appeal dismissed, and cause remanded with direction to enforce the judgment.

*A. F. Decker,* for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. This is an attempted appeal from the district court of Oklahoma county, from a judgment rendered in said court on the 17th day of November, 1917, against defendant, E. S. Sarten, on a verdict finding defendant guilty of maintaining a gambling nuisance; the court assessing the punishment at a fine of $500.

Petition in error with transcript of the record attached, and a purported case-made (which had never been attested by the clerk and filed with the papers in the case in the office of, the clerk of the trial court, as required by section 5242, Revised Laws 1910), were filed in this court on the 27th day of May, 1918. The conviction in this case was for a felony.

Section 5991, Revised Laws 1910, among other things, provides:

"In felony cases the appeal must be taken within six months after the judgment is rendered."

The judgment having been rendered on the 17th day of November, 1917, and the attempted appeal not having been lodged in this court until the 27th day of May, 1918, more than six months thereafter, this court never acquired jurisdiction thereof. *Bethel v. State*, 7 Okla. Cr. 36, 121 Pac. 792; *Musick v. State*, 5 Okla. Cr. 608, 115 Pac. 377; *Self v. State*, 8 Okla. Cr. 70, 126 Pac. 582.

The record filed in this court also fails to disclose that plaintiff in error, within the time allowed for taking the appeal, served any notices of appeal either upon the clerk of the trial court or the county attorney of Oklahoma county, as provided in section 5992, Revised Laws 1910; nor does it appear that any summons in error was ever issued in behalf of plaintiff in error and served upon the Attorney General, or that there was any waiver of the issuance and service of a summons in error by such officer, as provided by section 5997, Revised Laws 1910.

Either the method provided in section 5992, supra, must be followed, or else summons in error must be served upon the Attorney General, or its issuance and service

waived by said officer, as provided in section 5997, supra, before this court can acquire jurisdiction of an appeal in a criminal cause. *Mann v. State,* 17 Okla. Cr. 703, 186 Pac. 1098; *Robinson v. State,* 17 Okla. Cr. 717, 189 Pac. 763.

For the reasons stated, the appeal is dismissed, and the cause remanded to the trial court, with directions to enforce the judgment. Mandate forthwith.