## STATE TAX COMMISSION v. DICK et al.

### [No. 2570.    Nov. 3, 1922.]

#### SYLLABUS BY THE COURT

Overvaluation alone is not such injustice as entitles the taxpayer to relief under Code 1915, § 5475, where the question of value of the property in question has been submitted upon notice and hearing to the taxing authorities, and by them determined adversely to the taxpayer.

Appeal from District Court, Luna County; Ryan, Judge.

Action by the District Attorney, Sixth Judicial District, on behalf of J. A. Dick, and other taxpayers, alleging error in their assessments, against State Tax Commission. From a decree granting relief to certain of the petitioners, the State Tax Commission appeals. Reversed and remanded in part and affirmed in part.

J. F. Woodbury, of Silver City, for appellant.

J. S. Vaught, of Deming, for appellees.

## OPINION OF THE COURT

RAYNOLDS, C. J.   This is an action brought by the district attorney of the Sixth judicial district within and for the county of Luna, under Code 1915, § 5475, and chapter 101, Laws 1919, on behalf of certain taxpayers alleging error in their assessments.   After a demurrer by the State Tax Commission was overruled and an answer filed, trial was had and the relief prayed for by 16 of the 21 petitioners in this case was granted. From the decree below granting the relief in 7 of the 16 cases ths appeal is taken.

Appellant, the State Tax Commission, assigns as error the action of the trial court in overruling the demurrer, which was on the ground that the petition did not state facts sufficient to constitute a cause of action.   The petitioners showed no ground for equitable relief, nor did they show that they had exhausted their remedies granted by the tax laws before this action was begun. Their theory apparently was that, under Code 1915, § 5475, if there was an error in their assessment, they were on that account entitled to the relief in proceedings of this kind under the broad language of the statute; that an injustice had been done them.   The petition alleges that there was error in the assessment made by the county assessor, and that certain increases in assessments made by the State Tax Commission were excessive and unjust.   The 7 cases which are before us in this appeal may be divided into two classes: (1) Six of them relate to cases where the value of the property or the number of units composing it is alleged to have been assessed at an excessive value or number, such assessment being either by the county assessor or due to increases of value or number made by the county assessor or due to increases of value or number made by the State Tax Commission; (2) one case where the State Commission had increased the assessment, but had consented that it be reduced

to a certain amount, and the court below was asked to make such reduction. In all these cases, hearings were had to determine the value of the property in question. The district court came to a different conclusion as to the value of the property from that of the assessor and the Tax Commission. As before stated, no ground for equitable relief is alleged, and the theory upon which the court acted was that the valuations in the assessments were excessive, and should be reduced. Under Bond-Dillon Co. v. Matson, 27 N. M. 85, 196 Pac. 323, a taxpayer is not entitled to the relief which was granted in this case. It was there held that the district court is without jurisdiction to substitute its judgment for that of the duly constituted taxing authorities on a question of overvaluation, when that question alone, after notice and hearing, has been submitted to the authorities and the value fixed by them. This proposition is also laid down in First State Bank v. State, 27 N. M. 78, 196 Pac. 743, where the statute in question is construed. The present case in regard to these six appellants in no way differs from the Bond-Dillon case cited, and is governed by it.

As to the case where the Tax Commission had consented to the reduction, and such reduction was granted the record before us shows that proof was made of such fact; that the Tax Commission had in fact so consented; and we hold that, as it had waived all rights under such written consent, the court below properly granted the relief reducing the assessment in this particular case.

The judgment of the lower court will therefore be reversed as to the six petitioners, namely, James A. Dick & Co., W. A. and Laura Hall, Foxworth Galbraith Co., J. A. Mahoney, Inc., H. Nordhaus & Sons, Inc., and S. S. Birchfield, and the cause remanded with instructions to the trial court to sustain the demurrer as to said petitioners and dismiss the case as to them. It will be affirmed as to the petitioner Gibson Bros., and it is so ordered.

PARKER, J., concurs.