69 P.(2d) 924

**MORRIS et al. v. STATE BY STATE TAX COMMISSION.**

No. 4209.

Supreme Court of New Mexico.

May 28, 1937.

A. M. Fernandez, Special Tax Atty., of Santa Fe, for appellant.

Harris K. Lyle, of Gallup, and Rodey & Dickason, of Albuquerque, for appellees.

BRICE, Justice.

This special proceeding was brought under sections 141-306, 141-307, New Mexico Statutes 1929. The first of these sections provides that: "If the treasurer shall discover any errors of other kinds [not clerical errors] in said assessment roll by which any injustice would be done to any taxpayer, it shall be his duty to report the same to the district attorney; and any taxpayer complaining of any such injustice may submit

his complaint to the district attorney, who shall promptly forward to the state tax commission a copy of such complaint. Such complaint, filed by the district attorney, shall be acted upon by the district court without cost to the taxpayer injuriously affected. Should the district attorney refuse to permit the filing of any such complaint without cost to the taxpayer such taxpayer may proceed thereon in his own name and at his own expense."

Provision is made by section 141-307 for notice to the State Tax Commission before a hearing is set on the complaint, and the Tax Commission is authorized to appear and represent the taxing authorities in such hearings.

The amended petition is styled "Amended Petition for the Correction of the Tax Roll." It alleges in substance that the petitioners are the owners of real estate in block 44 of the town of Gallup; that for the year 1934 such property was assessed at certain values named in the petition; that the assessed values are based upon that of $140 a front foot plus one-third for corner lots, less 10 per cent. reduction made in 1932; that "said assessments are, and each of them is, excessive and in excess of the fair and reasonable value of said land and unjust to the taxpayers, insofar as the basic valuation of $140 a front foot exceeds the sum of $100 a front foot."

Paragraph 4 of the amended petition is as follows: "That on or about the 7th day of May, 1934, your petitioners and all of them duly protested the aforesaid assessment to the County Board of Equalization, and that Board declined to pass upon the question, or to grant the taxpayers any relief. That on or about the 13th day of July, 1934, your petitioners and all of them duly protested the aforesaid assessments and the action of the County Board of Equalization to the State Tax Commission; that a record of the said protest and the evidence given therein was taken by the State Tax Commission at said time and place, but that the State Tax Commission never ruled on said protest, and on information and belief petitioners allege that the said Tax Commission mislaid the record of said protest, and have never passed upon the question of the reasonable and true value of the property involved, and that by the failure of the County Board of Equalization and of the State Tax Commission to hear the protest and to rule thereon in accordance with the evidence, your petitioners and all of them have been deprived of property without due process of law."

The petitioners state: "That your petitioners are lawfully entitled to have the aforesaid assessments reduced in accordance with the following table." There follows a tabulation in which the assessment as made is shown, and under "New Assessment" the assessment, as petitioners contend is correct, is set out.

The prayer is as follows: "Wherefore, your petitioners pray that this Honorable Court shall be pleased to make its order to correct the 1934 Tax Rolls of McKinley County, State of New Mexico, on the pages, lines, and in the amounts as alleged in Par-

agraph V hereof, and that petitioners may have such other and further relief as may be meet and proper in the premises."

To this amended petition a demurrer was directed, upon the ground that the amended petition fails to state facts sufficient to constitute a cause of action in certain particulars mentioned in the opinion, which was overruled and the case tried to the court.

From the facts proved the court found: "That the allegations of the Amended Petition are, and each of them is, true and correct, and the Court adopts the same as the Findings of Fact in this matter."

The court entered judgment reassessing the property at the value which appellees alleged "was just and correct."

Sections 141-306, 141-307, N.M.Sts.1929, were originally sections 307 and 308, respectively, of chapter 133, N.M.Session Laws of 1921, which were amended by sections 19 and 20, respectively, of chapter 102, N.M.Sess.Laws 1925, but not in reference to the powers and jurisdiction conferred on the district court by the original act. For the purposes of this case the decisions of this court construing the original act are applicable.

We have held that these statutes do not authorize the court to set aside assessments duly made by the assessing authorities; nor do they authorize the district court to assess property. This is settled by Bond-Dillon Co. v. Matson, 27 N.M. 85, 196 P. 323, 326, First State Bank of Bernalillo v. State, 27 N.M. 78, 196 P. 743, 745, and In re Blatt (State v. Blatt), 41 N.M. 269, 67

P.(2d) 293. In the First State Bank Case we said: "If the term 'injustice' is used in its ordinary sense, the taxpayer could by presenting his petition to the court and satisfying the judge that an injustice had been done him set at naught the whole system of assessment and collection of taxes and place in the hands of the courts the final determination of all questions of fact, law, and policy regarding taxation. We do not believe that the legislature by this section intended to thus turn over to the courts the power and authority to pass upon all these questions."

In the Bond-Dillon Case we said: "The taxpayer is entitled to relief in equity on a proper showing, but the injustice for which the statute is intended to give relief is, by its terms, such injustice as is caused by any errors of other kinds (other than the obvious clerical ones) discovered by the treasurer or taxpayer in said assessment book and does not contemplate such overvaluation as is alleged as a ground for relief in this case. The statute is intended to protect the treasurer and give him certain powers over the assessment books when they come into his hands. Errors appearing thereon which work injustice are to be corrected, but the power of the treasurer and the courts under this statute does not extend to the overturning, correcting, or modifying every action or step taken by the taxing authorities in the assessment and collection of taxes and substituting the judgment of the courts for that of the taxing authorities in all questions of fact, law, and policy in regard to taxation."

388

The petition shows upon its face that the sole object of this proceeding is to obtain a reassessment of appellee's property, not to correct "errors" in the assessment as made.

We might well close this opinion here; but appellees urge that, by paragraph 6 of their petition, which we have copied in full herein, it is charged that there was in fact no legal assessment; that they have been deprived of property without due process of law. The statute under which this proceeding is brought is for the correction of errors in assessments; and it gives the court no authority to cancel or hold assessments invalid upon equitable grounds or to reassess property.

The case of South Spring Ranch & Cattle Co. v. State Board of Equalization, 18 N.M. 531, 139 P. 159, cited by appellees, was reviewed by this court in the Bond-Dillon Co. Case, and First State Bank Case, supra, in which it was held that the first-mentioned case is not authority for appellee's contention. That case was a proceeding by prohibition in which the jurisdiction of the State Tax Commission was called in question and upheld. State v. Superior Lumber & Mill Co., 23 N.M. 606, 170 P. 58, was an action by the State to recover delinquent taxes; the defense was that there was an excessive valuation, which was admitted by the demurrer of the State. It was not a proceeding under the statute to correct errors.

State Tax Commission v. Dick et al., 28 N.M. 218, 210 P. 392, was a proceeding brought under the statute in question before amendment. It is stated in this case "As before stated, no ground for equitable relief is alleged, and the theory upon which the court acted was that the valuations in the assessments were excessive, and should be reduced." That was not an equitable action, and the statement was inadvertently made. The statutory proceeding was never intended as a substitute for actions to procure equitable relief against illegal, fraudulent, discriminatory, or arbitrary assessments. This special proceeding is summary and has no provision for process or parties except notice to the State Tax Commission, and that it "may appear * * * and represent the taxing authorities at such hearing." If appellees have a remedy by reason of the facts alleged, it is not in this proceeding.

The case of Maxwell Land Grant Co. v. Jones, County Treasurer, 28 N.M. 427, 213 P. 1034, and W. S. Land & Cattle Co. v. McBridge, 28 N.M. 437, 214 P. 576, 579, were actions to enjoin the collection of taxes upon equitable grounds. We stated in the last-mentioned case: "It is only where valuations have been increased by some taxing official without actual notice to the taxpayer to a sum which exceeds the actual value of the property, or against whom a discrimination has occurred, that he may resort to a court of equity."

State v. Persons, etc., 29 N.M. 654, 226 P. 886, 889, was a proceeding brought by the district attorney to recover judgment for all delinquent taxes. Appellant defended on the ground that his property had been

assessed in excess of its actual cash value, which the district court held to be true, though held that this was not ground for reduction or cancellation of the assessments. This court stated: "There being no lack of notice to the taxpayer of the successive steps in the valuation of its property, and no fraud or other equitable ground of relief present in this case, it would seem that the point has been conclusively adjudicated adversely to appellant, unless it can derive aid from the provisions of chapter 133 of the Session Laws of 1921. Without such aid, overvaluation alone is not sufficient to entitle the taxpayer to relief where he had notice of the valuation so fixed, and had been given a hearing or an opportunity to be heard before the taxing officials; but such relief can be obtained in the courts only where valuations have been increased by some taxing official without notice to the taxpayer to a sum beyond the actual value, or where some other ground of equitable relief is present."

To question assessments upon equitable or constitutional grounds, resort must be had to the usual civil action in court in the absence of special proceedings enacted for such purpose.

The judgment of the district court will be reversed, with instructions to dismiss the proceeding.

It is so ordered.

HUDSPETH, C. J., and SADLER and ZINN, JJ., concur.

BICKLEY, J., did not participate.