105 P.2d 741

In re UNITED POWER CO. TAXES FOR 1937.

No. 4549.

Supreme Court of New Mexico.

Sept. 16, 1940.

John W. Chapman, Sp. Tax Atty., and C. C. McCulloh, Asst. Sp. Tax Atty., both of Santa Fe, for appellant.

Henry E. Blattman, of Las Vegas, for appellee.

BRICE, Justice.

The appellee filed a document entitled "Amended Complaint" in the district court of Guadalupe County, New Mexico, naming no one as defendant, from which it appears that the village of Santa Rosa in said county had been the owner of municipal electric light and water plants, with their appurtenances, situated in said village, and used for supplying water and lights, etc., to the inhabitants thereof. It further appeared therefrom:

That said village entered into a contract, whereby it "leased, demised and let" to one Johnston, Trustee, his successors and assigns, said plants, for a term of twenty-five years. That the said Johnston agreed to pay the sum of $55,000 as rental therefor, by assuming and paying outstanding bonds in that amount, with the "strict understanding" that title to said property should remain in the village until said bonds were paid.

That conveyances, with the contract, were placed in escrow to be held until the latter's terms and conditions were carried out by Johnston, Trustee, his assigns or successors, whereupon full title would vest and the transfers be delivered; or, if they failed to perform, the transfers were to be delivered back to said village and immediate possession of the properties and premises peacefully surrendered to it.

That the contract provided that Johnston, Trustee, his successors and assigns, should make improvements of the value of $25,000 by way of extension of said plants (which they have performed) and that the title of such improvements should be in the village until all the terms and conditions of the lease had been performed; whereupon it should vest in Johnston, Trustee, etc.

That the State Tax Commission, acting under Sec. 141-502, N.M.Sts.1929 (which provided that at its regular meeting, beginning on the first Monday of March of each year, the Commission: "(1) Shall determine the actual value: (a) Of all property belonging to or leased by any railroad, telegraph, telephone, and transmission or pipe line company within the state of New Mexico, which is used in the operation of the lines"), determined the value of said property for taxing purposes, and gave notice thereof to appellee (the successor of Johnston, Trustee) by mailing to it a notice of such values.

That, thereafter at appellee's request, the State Tax Commission granted it a hearing, as provided by Sec. 141-502(5), N.M. Sts.1929, at which appellee claimed that said property belonged to the village of Santa Rosa and was exempt from taxation. At such hearing it was agreed by appellee and the State Tax Commission that the question should be submitted to the district court and "in order that the matter may be finally disposed of by a court decision, the State Tax Commission entered an order denying the *appeal* and confirming the assessment as theretofore made," and certified to the assessor of Guadalupe County the value thus found and determined.

The prayer was:

"Upon its first cause of action, for the decree and judgment of the Court that the entire property now in possession of the United Power Company under the said lease contract be decreed to be exempt from State and County taxes, and that the assessment for the year 1937 be set aside.

"For the judgment of the court declaring the rights of the parties hereto, that is to say, whether the entire property in possession of the United Power Company is exempt from taxation or whether the entire property is taxable for State and County taxes, or whether only the interest to the extent of the amount paid under said contract is taxable."

Following the filing of this document, the State Tax Commission (though not a party) demurred thereto upon the ground that it failed to state a cause of action, in that it affirmatively disclosed that the property

did not belong to the village of Santa Rosa and therefore was not exempt from taxation; also that it disclosed that the complainant was the owner of an equitable interest in the property and that such equitable interest was subject to taxation. The trial court overruled the demurrer and the Tax Commission refused to answer, and the court entered judgment, finding that the title to the property was vested in the village of Santa Rosa and concluded that it was not subject to taxation. It was adjudged by the trial court:

"That the assessment for State and County taxes against the United Power Company for the year 1937, be and the same is hereby cancelled and set aside.

" * * * That the Treasurer of Guadalupe County, New Mexico, be and he is hereby ordered to mark the tax rolls for the year 1937, as to the assessments for State and County taxes made against the United Power Company, cancelled and vacated, upon presentation of a certified copy of this order, * * *."

We are confronted at the outset by a question of jurisdiction. The amended complaint was filed in the district court of Guadalupe County, complaining against "a certain assessment for state and county taxes, made against said property, situated and being in the county of Guadalupe, State of New Mexico, for the year of 1937," with no party named defendant to the action. The State Tax Commission demurred to the complaint, intending, no doubt, to make itself a party defendant.

In the case of In re Atchison, T. & S. F. Ry. Co.'s Taxes, 41 N.M. 9, 63 P.2d 345, it was held that a complaint filed in the district court, having for its purpose the cancellation from the tax rolls in the county treasurer's office, a void levy in which no one was named defendant, would be treated as a bill in equity where the subject matter was of equitable cognizance, with the parties (the county treasurer appeared as a party) necessary to an adjudication of the issue presented before the court, properly aligned. In that case the county treasurer had made himself a party defendant, which was acquiesced in by the petitioner, and it was held by this court that the county treasurer was a proper party to such equitable action. But we have no such case here. After the State Tax Commission had finally fixed the value of such property for taxation, after a hearing from the appellee, and had thereafter certified such value to the tax assessor of Guadalupe County, it had no longer any jurisdiction over the assessment and was without authority to change it, as it had exhausted all jurisdiction conferred by the statutes regarding the assessment. Vermejo Club v. French, 43 N.M. 45, 85 P.2d 90.

Equitable remedies, except as otherwise provided by statute, are enforced in personam by compelling obedience to an order of the court by fine or imprisonment. As the State Tax Commission had no authority over the assessment it could not be compelled to cancel it; and therefore, was not a proper party defendant in a suit for such purpose; in the absence of some au-

thorized statutory proceeding, and there is none.

■ Sec. 141-306, N.M.Sts.1929, provides that the county treasurer may correct obvious clerical errors of name, description of property, or computation of taxes appearing in the tax rolls; but—"If the treasurer shall discover any errors of other kinds in said assessment roll by which any injustice would be done to any taxpayer, it shall be his duty to report the same to the district attorney; and any taxpayer complaining of any such injustice may submit his complaint to the district attorney, who shall promptly forward to the state tax commission a copy of such complaint. Such complaint, filed by the district attorney, shall be acted upon by the district court without cost to the taxpayer injuriously affected. Should the district attorney refuse to permit the filing of any such complaint without cost to the taxpayer such taxpayer may proceed thereon in his own name and at his own expense. Upon the rendition of any order correcting the tax rolls the district court shall promptly send to the state tax commission a copy of any such order and the commission shall make a corresponding change in the roll in its possession."

The court has construed this section a number of times, before and since it was amended. In re Atchison, T. & S. F. Ry. Co.'s Taxes, supra; Morris et al. v. State, by State Tax Commission, 41 N.M. 385, 69 P.2d 924; First State Bank v. State, 26 N.M. 401, 193 P. 73; First State Bank v. State, 27 N.M. 78, 196 P. 743; Bond-Dillon Co. v. Matson, 27 N.M. 85, 196 P. 323; Raabe & Mauger v. State Tax Comm., 27 N.M. 279, 199 P. 1014; State Tax Comm. v. Dick et al., 28 N.M. 218, 210 P. 392; W. S. Land & Cattle Co. v. McBridge, 28 N.M. 437, 214 P. 576.

We stated in Morris v. State, by State Tax Commission, supra [41 N.M. 385, 69 P.2d 926], in which the cases are reviewed:

"We have held that these statutes do not authorize the court to set aside assessments duly made by the assessing authorities; nor do they authorize the district court to assess property. * * *

"We might well close this opinion here; but appellees urge that, by paragraph 6 of their petition, which we have copied in full herein, it is charged that there was in fact no legal assessment; that they have been deprived of property without due process of law. The statute under which this proceeding is brought is for the correction of errors in assessments; and it gives the court no authority to cancel or hold assessments invalid upon equitable grounds or to reassess property."

The district court was without jurisdiction to cancel or hold invalid an assessment duly made, by proceedings under this statute. First State Bank v. State, 27 N.M. 78, 196 P. 743; Bond-Dillon Co. v. Matson, supra; Morris v. State, by State Tax Comm., supra.

The finding that the property is exempt from taxation is ineffective for any purpose unless the assessment can be cancelled; and it is obvious that the trial court had no jurisdiction over the county treasurer, who is not a party to the suit, that would authorize the order requiring him to cancel the assessment from his records. It follows that the decree is void, and the case should be reversed.

It appears from one paragraph of the prayer of the petitioner that possibly there was in his mind an adjudication under the statute authorizing judgments declaring the rights of parties (Laws 1935, c. 143); but if so it was abandoned. It may be that all issues regarding the taxing of this property could be determined in such proceeding if the State Tax Commission, in whom rests the jurisdiction to collect delinquent taxes by suit, and the county treasurer, whose duty it is to collect taxes generally, are made parties defendant.

But aside from such proceeding, there are other remedies open to appellee, by resort to one of which the question may be judicially determined. 61 C.J., "Taxation", Secs. 425–430.

The cause will be reversed and remanded with instructions to grant a new trial, permit amendment of pleadings and the bringing in of new parties if the parties are so advised.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.