514 P.2d 608

In the Matter of the 1971 ASSESSMENT for Tract C OF TRINCHERA RANCH in Section 25, T 11 N, R 3 E, N.M.P.M.

Kent D. NOWLIN and Kathryn K. Nowlin, his wife, Petitioners-Appellees,

v.

COUNTY OF BERNALILLO, New Mexico, Defendant-Appellant.

No. 9600.

Supreme Court of New Mexico.

Sept. 21, 1973.

James L. Brandenburg, Dist. Atty., Vance Mauney, Sp. Asst. Dist. Atty., Albuquerque, for defendant-appellant.

Harry O. Morris, Albuquerque, for petitioners-appellees.

OPINION

STEPHENSON, Justice.

Mr. and Mrs. Nowlin (Appellees) filed this tax suit in the District Court of Bernalillo County alleging that they were purchasing a certain tract of land (the land) under a contract dated in 1965; that for 1970 the land had been assigned a market value of $22,200.00 and an assessed value of $7,400.00, but that for 1971 it had been assigned the market value of $80,586.00 and an assessed value of $26,859.00 (The term "assessed value" is the figure against which the tax levy is applied, and is supposed to be one-third of the market value). They alleged that they had paid the first half of 1971 taxes under protest and that the 1971 assessment "was incorrectly and erroneously assessed for taxation" and should have been assessed as it had been in 1970. Relying on §§ 72–4–6 and 72–4–7, N.M.S.A.1953 they sought an order correcting the assessment and the tax rolls for 1971.

By the time of hearing the second half of 1971 taxes in the amount of $840.01 had been paid under protest and after contact between Mr. Nowlin and a member of the assessor's staff, the 1972 assessment had been made at a market value of $40,293.00 and an assessed value of $13,430.00, which figures were accepted by appellees, and the relief sought was amended accordingly to establish the same figures for 1971.

Appellant, Bernalillo County, answered with admissions and denials and three affirmative defenses; that the complaint

failed to state a claim upon which relief could be granted; that the appellees failed to exhaust their administrative remedies; and that the appellees were attempting to induce the trial court to substitute its judgment for that of the taxing authorities and to re-assess the property. Judgment was entered directing the assessor of Bernalillo County to correct the 1971 tax roll to reduce the market valuation thereof to $13,430.00.

Little discussion of the facts is required. The hearing established the accuracy of the figures that we have mentioned for the tax years 1970, 1971 and 1972. There is no evidence as to how the land was situated in respect to streets, utilities, topography, zoning or general surrounding area. Nor is there any such evidence as to any surrounding lands except a 'general statement that the land as well as surrounding lands were vacant and unimproved. There was no evidence as to market value of any land. Mr. Nowlin testified to a conversation with a Mr. Nations, identified as an employee of the assessor's office, to the effect that the land was assessed for 1971 at fifty cents per square foot whereas surrounding lands were assessed at twenty-five cents per square foot for 1972. Assuming the accuracy of these figures, about all that can be gleaned from them is that for some entirely unexplained reason the market value figure rose from 13.8 cents per square foot for 1970 to 50 cents per square foot for 1971 and descended to 25 cents per square foot for 1972.

An administrative procedure is provided by statutes for those who wish to protest their assessed valuation as follows:

A. A taxpayer dissatisfied with the valuation placed on his property by the assessor has a right of appeal to the County Board of Equalization which sits annually commencing on the first Monday in May. § 72–2–38, N.M.S.A.1953.

B. A taxpayer, respecting matters of assessment and valuation, can appeal the action of the County Board of Equalization to the Property Appraisal Department (P.

A.D.). Such appeals may be taken only where the taxpayer has exercised his right of hearing before the County Board of Equalization. § 72–6–13.1, N.M.S.A.1953. The cited statute actually refers to the State Tax Commission but the Property Appraisal Department Act [§ 72–25–1 et seq., N.M.S.A.1953 (Supp.1971)] provides that laws administered by the State Tax Commission shall be administered by the P.A.D. to which was transferred all authority, powers and duties of the Commission. § 72–25–3, subd. B., N.M.S.A.1953 (Supp.1971).

C. A taxpayer may protest any decision of the P.A.D. concerning the assessed value of his property to an Appeals Board, but such protests must be filed with the Appeals Board within thirty days after the date of mailing of notice of the decision of the Director of the P.A.D. § 72–25–10, N. M.S.A.1953 (Supp.1971).

D. Decisions of the Appeals Board may be appealed to the Court of Appeals. § 72–25–19, N.M.S.A.1953 (Supp.1971).

The foregoing series of statutes constitutes an elaborate legislative scheme to provide a hearing before no less than four administrative or judicial tribunals for the taxpayer who is dissatisfied with his assessed valuation. The statutory language is clear and the legislative intent is certain that for a taxpayer to appeal to any one of those tribunals and invoke its decision, he must have done the same with its predecessor. Appellees did not commence this procedure or follow any part of it but rather attempted to go directly from the assessor to the district court pursuant to §§ 72–4–6 and 72–4–7.

The leading and oft cited New Mexico case on this subject is In re Blatt, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656 (1937). The facts before the Blatt court were very similar to those which confront us, but that suit was brought under Laws 1933, ch. 143, presently compiled (after certain amendments which are not pertinent) as § 72–5–4, N.M.S.A.1953. The statute permitted recovery of ad valorem taxes which had

been "erroneously or illegally charged." The statute under which this action was brought permits district court action for the "correction of obvious clerical errors in name, description of property or computation of amount of taxes." Certain duties are imposed upon the treasurer in respect to "any errors of other kinds in said assessment roll by which any injustice would be done to any taxpayer" and relief is authorized by the court if it finds that real property "has been incorrectly assessed for taxation, due to an error or clerical mistake in description."

The Blatt court in a learned and exhaustive opinion, speaking through Justice Zinn, held that suits to recover taxes are entirely statutory. Precedents from other jurisdictions as well as texts were analyzed and the conclusion was reached that the statute under consideration applied to errors of such magnitude as to go to the very jurisdiction of the taxing officials as a result of which the pretended assessment is invalid and void, and that such statutes furnish no basis for relief as to assessments which are merely excessive. The precedents upon which Blatt relies and the reasoning of the court in arriving at its opinion, convinces us that its rationale applies with equal force to a case brought under § 72–4–6, as this one was.

We have had occasion to interpret § 72–4–6 a number of times. Morris v. State by State Tax Commission, 41 N.M. 385, 69 P. 2d 924 (1937) involved a claim by taxpayers that their real property had been overvalued and therefore, they (taxpayers) were entitled to relief under the provisions of § 141–306, Comp. 1929 (now § 72–4–6, N.M.S.A.1953). At 41 N.M. 387, 69 P.2d 926, the court said:

"We have held that these statues do not authorize the court to set aside assessments duly made by the assessing authorities; nor do they authorize the district court to assess property. This is settled by Bond-Dillon Co. v. Matson, 27 N.M. 85, 196 P. 323, 326, First State Bank of Bernalillo v. State, 27 N.M. 78,

196 P. 743, 745, and In re Blatt (State v. Blatt), 41 N.M. 269, 67 P.2d 293. In the First State Bank case we said: 'If the term "injustice" is used in its ordinary sense, the taxpayer could by presenting his petition to the court and satisfying the judge that an injustice had been done him set at naught the whole system of assessment and collection of taxes and place in the hands of the courts the final determination of all questions of fact, law, and policy regarding taxation. We do not believe that the legislature by this section intended to thus turn over to the courts the power and authority to pass upon all these questions.' "

And at 41 N.M. 388, 69 P.2d 926, the court said:

"The statute under which this proceeding is brought is for the correction of errors in assessments; and it gives the court no authority to cancel or hold assessments invalid upon equitable grounds or to reassess property."

In essence, the court was saying that the purpose of § 141–306 (now § 72–4–6) was the correction of clerical errors and was not a procedure by which the taxpayer could obtain review in the district court of the wisdom or opinion of the assessor. To the same effect as Morris, see In re United Power Co. Taxes for 1937, 44 N.M. 542, 105 P.2d 741 (1940) wherein it was held that the district court did not have jurisdiction to cancel or hold invalid an assessment on property of a power company by proceeding under § 141–306, Comp.1929.

It is basic to the reasoning of these cases that courts should not fix assessment, thereby substituting their judgment for that of the taxing authorities. See also Perez v. Velasquez, 80 N.M. 319, 455 P.2d 185 (1969) in which the court quoting with approval from 3 Cooley, Law of Taxation 4th Ed. § 1144 at 2299, 2300 (4th Ed. 1924).

" * * * Value is a matter of opinion, and when the law has provided officers upon whom the duty is imposed to make the valuation, it is the opinion of

those officers to which the interests of the parties are referred. The court cannot sit in judgment upon their errors, or substitute its own opinion for the conclusions the officers of the law have reached. * * *"

 We are of the opinion that § 72–4–6 cannot be utilized to attack assessments which are merely excessive.

 Appellees are also confronted with their failure to follow and exhaust administrative remedies open to them. In re Blatt, supra, involved an administrative procedure different than that which now exists, but the principle remains the same. That case makes clear the necessity for exhausting such remedies. See also State Racing Commission v. McManus, 82 N.M. 108, 476 P.2d 767 (1970); State Tax Commission v. Dick, 28 N.M. 218, 210 P. 392 (1922); Compare Pan American Petroleum Corp. v. El Paso Nat. Gas Co., 77 N.M. 481, 424 P.2d 397 (1966).

Appellees place their principal reliance on the phrase "any such injustice" that appears in § 72–4–6. The significance of that phrase was determined adversely to them in First State Bank v. State, 27 N.M. 78, 196 P. 743 (1921) quoted with approval in Morris v. State by State Tax Commission, supra.

Appellees also rely on Perez v. Velasquez, supra, as support for the proposition that relief can be granted where the action of the assessor is arbitrary, capricious or whimsical. The Perez court had reference to conduct of an assessor so outrageous as to amount to systematic and intentional discrimination or the like, i. e., constructive fraud. In re Blatt, at a time when no court review of the then administrative procedures was provided by law, recognized that a court of equity may review assessors' actions where the assessment is so excessive as to be constructively fraudulent, but even then only after other remedies had been exhausted. This is not such a case. No fraud is alleged here as is required by our Rules of Civil Procedure, § 21–1–1(9)(b), N.M.S.A.1953. The assessment is merely alleged to be incorrect and erroneous.

The judgment of the District Court of Bernalillo County is reversed, and the case remanded for further proceedings consistent with this opinion.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.