## JOHN DUNCAN v. STATE.

No. A.-4233.   Opinion Filed May 23, 1923.

(215 Pac. 218.)

(Syllabus.)

Appeal and Error—Statutory Notice of Appeal Jurisdictional—Dismissal. Under Procedure—Criminal (section 2809, Comp. St. 1921), notice of appeal and proof thereof given and made within the time prescribed for perfecting an appeal is jurisdictional, and where the record fails to show the service of such notice, the appeal will be dismissed.

Appeal from County Court, Adair County; W. H. Martin, Judge.

John Duncan was convicted of a violation, of the prohibitory liquor law, and he appeals.   Appeal dismissed.

W. A. Scofield, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, John Duncan, was convicted on a charge of selling two half pints of whisky to one Cornelius Soap, and on the 4th day of January, 1922, judgment was rendered on the verdict, and he was sentenced to be confined for 60 days in the county jail and to pay a fine of $150 and the costs.   From the judgment an appeal was attempted to be taken by filing in this court on March 6, 1922, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal upon the ground that:

"No notice of appeal has ever been served upon the county attorney and court clerk of Adair county; because no summons

in error has ever been issued or served and no waiver of the same has been had.''

Our Code provides that:

''An appeal is taken by the service of a notice upon the clerk of the court where the judgment was, entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney.'' Comp. Stats. 1921, § 2809.

Under this provision, notices of appeal and' proof thereof given and made within the time prescribed for perfecting an appeal are jurisdictional, and where the record fails to show the service of such notices upon the court clerk where judgment is rendered, and upon the county attorney, the appeal will be dismissed. Gunter v. State, 18 Okla. Cr. 716, 195 Pac. 148, Killebrew v. State, 11 Okla. Cr. 535, 148 Pac. 1058; Means v. State, 10 Okla. Cr. 581, 139 Pac. 1155, and cases cited.

It follows that the motion to dismiss must be sustained. It is therefore adjudged and ordered that the attempted appeal herein be and the same is hereby dismissed and the cause remanded to the trial court, with direction to cause its judgment' and sentence to be carried into execution.

MATSON, P. J., and BESSEY, J., concur.