## BUCK BUCHANAN v. STATE.

No. A-4749.   Opinion Filed April 11, 1924.
Rehearing Denied May 23, 1928.
(236 Pac. 903.)

(Syllabus.)

Constitutional Law—Elections—Jury—Municipal Corporations—Statutes —Statute Creating Municipal Courts Held a "General Law," and not to Deny Jury Trial, and not to Violate Constitutional Provision as to Primary Election and not Unconstitutional as Attempt to Amend Charter of Tulsa, and not Unconstitutional as Conferring on Municipal Court Power to Try Misdemeanors Above Jurisdiction of Justice of Peace.

(a)   Chapter 199, Laws 1919, creating and relating to municipal courts in cities having more than 50,000 and less than 80,000 inhabitants, is not unconstitutional as denying an accused the right of a trial by jury.

(b)   Said act is not unconstitutional as being special legislation, but is a "general law" within the meaning of the Constitution.

(c)   Said act is not unconstitutional as violating section 5, art. 3 of the Constitution, providing for a mandatory primary system.

(d)   Said act is not unconstitutional as an attempt by the Legislature to amend the city charter of the city of Tulsa.

(e)   Said act is not unconstitutional as conferring upon the municipal court power to try misdemeanors above the jurisdiction of a justice of the peace.

Appeal from Municipal Criminal Court of City of Tulsa; G. E. Warren, Judge.

Buck Buchanan was convicted of the crime of transporting whisky, and appeals. Affirmed.

John L. Ward, George Paschal, and M. S. Simms, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. For brevity the plaintiff in error will be referred to as defendant as in the court below.

The defendant was charged in the municipal criminal court of the city of Tulsa with the crime of transporting whisky, was tried by a jury and sentenced to serve a term of 6 months in the county jail and to pay a fine of $500, from which judgment and sentence appeal is prosecuted.

Various errors in the procedure of the trial are assigned, and in addition the question of the constitutionality of the act creating the municipal criminal court is attacked and argued at considerable length. In view of the importance of this question, the constitutionality of the act will be first considered. The act in question is chapter 199 of the Sessions Laws of 1919, creating municipal criminal courts in cities having a population between 50,000 and 80,000.

It is assigned that the act in question is unconstitutional for the following reasons: First, because it denied an accused the right of a trial by jury; second, because, in violation of section 32, section 46, and section 59, of article 5 of the Constitution, being the sections referring to the enactment of special and local laws; third, because in violation of section 5, art. 3, of the Constitution, being the section providing for mandatory primary system; fourth, that the act in question is unconstitutional, being an attempt by the Legislature to amend the charter of the city of Tulsa; fifth, because the act is unconstitutional in conferring power to try misdemeanors of which justices of the peace have no jurisdiction; sixth, because the act is in contravention

of section 57, art. 5, of the Constitution, being a section requiring that the subject of an act be expressed in the title.

Owing to the number of the questions raised, it will be necessary that the discussion of the various points and the citation of authorities considered applicable be limited, in order that this opinion shall not be unduly lengthy. Considering the assignments in order, the section of the act in reference to trial by jury provides:

"Except in cases where a violation of a city ordinance is charged wherein the penalty provided for the violation of such ordinance does not exceed a fine in the amount of twenty dollars ($20.00), all persons charged before such municipal criminal court shall be entitled to a trial by jury, provided, that in the event of the failure of such persons to demand a jury trial the right thereto shall be deemed to have been waived, and a trial may be had before the judge, and the judgment and sentence imposed by said judge shall be as effective as if the same had been rendered and imposed by a jury." Section 11.

It is then further provided that appeals from the municipal criminal court shall be to the Criminal Court of Appeals. It is argued that, inasmuch as this section does not give a jury trial for violations of city ordinances, it is contrary to section 19 of article 2 of the Bill of Rights, which provides that the right of a trial by jury shall remain inviolate. The section in question is not subject to the objection made. It is held by this court, in numerous opinions, that in the matter of petit offenses prohibited by a city ordinance, where the punishment does not exceed a fine of $20, the accused is not entitled to a trial by jury as a matter of right. Ex parte Johnson, 20 Okla. Cr. 66, 201 P. 533; Ex parte Daugherty, 21 Okla. Cr. 56, 204 P. 937; Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537; Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097; Cumpton v. City of Muskogee, 23 Okla. Cr. 412, 225 P. 563.

Upon the second assignment above set out, it is stipulated that there was no publication of notice of the intended enactment of the law in question under section 32, art. 5, of the Constitution. The act in its terms is general, providing that, in cities of the state having a population of more than 50,000 and not exceeding 80,000 inhabitants, as determined by the last preceding federal census, or of the last preceding special federal census, there is created a court of record, etc. The courts take judicial knowledge of the cities of the state and their population, and, at the time of the enactment in question, according to the census mentioned, Tulsa was the only city of Oklahoma coming in the purview of the classification stated, and, the classification being based on a past census, no other city in the future would fall within the act in question. So as far as the act is concerned, it might as well have referred to the city of Tulsa by name as to have made the classification it did, which could affect only the city of Tulsa. This the defendant argues rendered the act in question special legislation, and in conflict with the provisions of the Constitution referred to, and in support of this contention the following authorities are cited: State v. Ellet, 47 Ohio St. 90, 23 N. E. 931, 21 Am. St. Rep. 772; Ex parte Falk, 42 Ohio St. 638; Kelley v. State, 6 Ohio St. 269; Nichols v. Walter, 37 Minn. 270, 33 N. W. 800; Commonwealth v. Patton, 88 Pa. 258; Devine v. Commissioners, 84 Ill. 590; State v. Mitchell, 31 Ohio St. 592-607; State v. Herrmann, 75 Mo. 340; Hatfield v. Garnett, 45 Okla. 438, 146 P. 24.

These various authorities state the general principle under the constitutional provision under consideration, and, if the inhibition applies to the creation of courts, and the act in question is special legislation, it is unconstitutional; but this we think is no longer an open question. Section 1, art. 7, of the Constitution specifically confers on the Legislature power to establish courts inferior to the Supreme Court, but, even without this provision of the Con-

stitution, the Legislature had inherent power to provide laws for the people upon proper subjects. The limitation upon the power of the Legislature to pass local or special laws (section 46 of article 5) enumerates various subjects, but does not include the creation of courts, and the power to create courts is then limited only by the provision of section 1, art. 7, that they shall be inferior to the Supreme Court, and section 59, art. 5, that the Legislature shall not pass a special act where a general law can be made applicable.

The question when an act of the Legislature is general or special is sometimes difficult of determination, and it has generally been held that the question must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates, and, if it affects equally all persons who come within its range, it is neither local nor special. In order for a law to be general in its nature, and to have a uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application. This principle is discussed in the following cases: Chickasha Cotton Oil Co. v. Lamb, 28 Okla. 275, 114 P. 333; Diehl v. Crump, 72 Okla. 108, 179 P. 4, 5 A. L. R. 1272; Burks v. Walker, 25 Okla. 353, 109 P. 544; Williams v. State, 19 Okla. Cr. 307, 199 P. 400; Leatherock v. Lawter, 45 Okla. 715, 147 P. 324; Hatfield v. Garnett, 45 Okla. 438, 146 P. 24; City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640.

And the particular act in question has been held to be a general law by this court in the case of Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 P. 228, 27 A. L. R. 1008. The first syllabus of said opinion is as follows:

"Chapter 199, Laws 1919, creating and relating to municipal courts, and providing that the act shall apply to cities having more than 50,000 and less than 80,000 inhabitants, as determined by the last preceding federal cen-

sus, is a 'general law,' and not special within the meaning of the Constitution."

The next assignment of error is that the act is in conflict with section 5, art. 3, of the Constitution, which provides that the Legislature shall enact laws for the nomination of candidates by primary election, and that, as the municipal judge provided for by the act in question is to be appointed, it is in conflict with this provision of the Constitution. The clause of the Constitution referred to applies to elective officers and has no application where officers are appointed. We know of no provision of the Constitution or law that prohibits the appointment of judges in courts which may be created. The wisdom of the Legislature in so providing for appointment may be a proper subject of criticism or difference of opinion. But the fact that the judge provided for in the act in question is made appointive does not render the act unconstitutional.

It is urged at some length that the act is unconstitutional as constituting an attempt by the Legislature to amend the charter of the city of Tulsa, and an attempt to legislate on purely municipal matters. It has become settled law in this state that, where a city charter has been adopted by the people under the provisions of section 3, art. 18, Const., such charter becomes the organic law of the city, and its provisions supersede all laws of the state in conflict therewith, in so far as such laws relate to purely municipal matters. It is equally well settled that such charter provisions do not supersede the general laws of the state of general concern in which the state has a sovereign interest, and, where the provisions of the said charter conflict with the general laws of the state of this character, such laws will prevail. It is self-evident that the state has a sovereign interest in the enforcement of the criminal laws against the traffic in intoxicating liquor and other crimes within the city of Tulsa as well as elsewhere in the state. See, in this connection, State ex rel. Burns v. Linn, 49 Okla.

526, 153 P. 826, Ann. Cas. 1918B, 139; Walton v. Donnelly, 83 Okla. 233, 201 P. 367; Lackey v. Grant, 29 Okla. 255, 116 P. 913; Owen et al. v. City of Tulsa, 27 Okla. 264, 111 P. 320; In re Initiative Petition, 89 Okla. 134, 214 P. 186; City of Sapulpa v. Land, supra.

It is next urged that the act is unconstitutional in confering jurisdiction unon municipal courts for the trial of misdemeanors where jurisdiction had been conferred on the county court; it being contended that jurisdiction of the county court is made "exclusive" by the Constitution, § 12, art. 7. In discussing the jurisdiction of superior courts, Justice Hayes, speaking for the Supreme Court in the case of Burks v. Walker, supra, said:

"A careful reading of the various provisions of the Constitution by which jurisdiction is conferred upon all the courts, except the Supreme Court, will readily disclose that it was the policy of the framers of the Constitution in a great measure to leave the question of jurisdiction of the various courts of the state subject to legislative disposition and control. And when the condition of the courts and their dockets at the time of the framing of the Constitution is recalled, it can be readily understood why the framers of the Constitution did not undertake to fix by hard and fast rule the jurisdiction of the inferior courts of the state. * * *"

Since under our Constitution the Legislature has the right to create courts and fix their jurisdiction, there would appear to be no sound reason why jurisdiction could not be given to try offenses for violations of both city ordinances and the laws of the state. At any rate there is no constitutional inhibition against the same. In the case of State ex rel. Burns v. Linn, supra, the Supreme Court of this state held:

"The state may impose upon the local officers of the city of Tulsa specific duties in the matter of the enforcement of the laws of the state having force and effect within the city, and may provide penalties for failure to discharge

such duties, and in respect to the duties so imposed the municipality and its officers are the agents of the state, and subject to its command and control at all times."

And in the early case of Ex parte Whitehouse, 3 Okla. Cr. 97, 104 P. 372, this court, upon this point, held that section 12, art. 7, of the Constitution, should not be construed to confer exclusive jurisdiction upon the county court in misdemeanor cases above the jurisdiction of a justice of the peace, but that the Legislature had the power to confer such jurisdiction on superior courts. It would follow that it would have power to confer such jurisdiction on municipal courts as created by the act in question.

(2) Lastly it is argued that section 17 of the act in question is unconstitutional, in that said section provides that all fines, costs, and proceeds of forfeited bonds shall be placed in the city treasury, in that the title of the act does not express such purpose as required by section 57, art. 5, of the Constitution. A determination of this contention would be of no avail to the defendant, for, if this provision of the act in question (section 17) were held unconstitutional, it would not affect the remainder of the act and would not in any manner affect the trial of the defendant. It would go merely to the matter of the distribution of the fine and costs collected under the judgment. This is a question of a civil nature entirely, and properly determinable by the Supreme Court and not this court.

Turning next to the consideration of the errors of procedure complained of, an examination of the case-made discloses no question properly preserved other than the constitutionality of the act creating the court, hereinbefore considered. The evidence adduced at the trial is not incorporated in the case-made. In the case-made there appears the information, the calling of the case for trial, a request of the defendant to withdraw his plea of not guilty and for leave to file the following instruments: A demurrer to the jurisdiction, a motion to dismiss, a motion to

quash the information, a general demurrer, and a challenge to the panel of jurors. Then follows a statement by the court that leave was granted to file a motion to quash the panel, and a motion to quash the information, and exception taken. Then a waiver of the right to trial by jury and a statement by the county attorney that the defendant had theretofore demanded a jury trial, the overruling of the waiver of jury trial by the court and exception. Then appear copies of the demurrer, motion to dismiss, motion to quash, general demurrer, and challenge, to the panel, but what evidence, if any, was introduced, in support thereof, of the motion to quash, the motion to quash the panel, or the ruling of the court thereon, the verdict of the jury, the motion for a new trial, and the notation that same is overruled by the court, exceptions taken, a motion in arrest of judgment, and no ruling or exceptions thereon, appear. A supersedeas bond and notice of appeal complete the record presented. The only exceptions shown are to the action of the court in refusing to permit a waiver of a jury and denying leave to file demurrer, and to the overruling of the motion for new trial.

No error prejudicial to the defendant is made affirmatively to appear from the record, and the case will therefore be affirmed.

BESSEY, P. J., and DOYLE, J., concur.