SADIE FOSSETT v. STATE.

No. A-6044. Opinion Filed April 10, 1926.
(245 Pac. 668.)

Morris & Tant, for plaintiff in error.

John Frank Martin, Bliss Kelly, and R. E. Wood, for the City.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was charged under a city ordinance, in the municipal court of Oklahoma City, with the offense of vagrancy, was convicted and sentenced to pay a fine of $19 and costs amounting to $1. Within ten days she filed an appeal bond, and the record was properly sent to the county court. The case came on for hearing in the county court, and upon motion of the municipal counselor the appeal was there dismissed, for the reason that no written notice or demand had been given by defendant in the court below. The record was properly preserved, and the case duly brought to this court by appeal.

There is presented then for our determination this question: Is it necessary for a defendant, in order to perfect an appeal from the municipal court of Oklahoma City to the county court to file in the municipal court a written demand for such appeal?

Oklahoma City is operating under a commission form of government, with a charter drawn and adopted as provided by section 3A, art. 18, of the Constitution. Section 30 of the charter provides the manner of appeal from conviction in the municipal court:

"30. All persons who shall be accused or informed against, tried and convicted in the municipal court are hereby granted the right of appeal within ten days to the county court of Oklahoma county, where a trial in said county court shall be accorded them, de novo, and, in order to perfect such appeal, the party intending to appeal from the judgment of the municipal court or

judge shall within said ten days file with and cause to be approved by said municipal court or judge an appeal bond in a sum to be fixed by the court, not less than fifty dollars, nor more than two hundred dollars in any one case, conditioned," etc.

Section 4508, Comp. Stat. 1921, provides that the charter shall prevail where there is a conflict between the charter and the laws of the state except as to general laws. It reads:

"When a charter for any city of this state shall have been framed, adopted and approved according to the provisions of this article, and any provisions of such charter shall be in conflict with any law or laws relating to cities in force at the time of the adoption and approval of such charter, the provisions of such charter shall prevail and be in full force, * * * and shall operate as a repeal or suspension of such state law or laws to the extent of such conflict; and such state law or laws shall not thereafter be operative in so far as they are in conflict with such charter: Provided, that such charter shall be consistent with and subject to the provisions of the Constitution, and not in conflict with the provisions of the Constitution, and laws relating to the exercise of the initiative and referendum, and other general laws of the state not relative to cities of the first class."

The Constitution (section 3A, art. 18) provides that the charter shall not be in conflict with the Constitution and the statutes of the state, and it is held that, where charter provisions conflict with the general laws of the state in matters purely municipal, the charter shall supersede the laws of the state in conflict therewith. Walton v. Donnelly, 83 Okla. 283, 201 P. 367; State ex rel. Burns v. Linn, 49 Okla. 526, 153 P. 826, Ann. Cas. 1918B, 139; Mitchell v. Carter, 31 Okla. 592, 122 P. 691; Lackey v. Grant, 29 Okla. 255, 116 P. 913; Owen v. Tulsa, 27 Okla. 264, 111 P. 320.

On the other hand, it is held that, where the charter provisions conflict with the general laws of the state in

matters not purely municipal, the charter provision must give way, and the general laws of the state will control. State ex rel. Burns v. Linn, supra; State v. Cummings, 47 Okla. 44, 147 P. 161; Board of Education v. Best, 26 Okla. 366, 109 P. 563; Buchanan v. State, 30 Okla. Cr. 362, 236 P. 903; City of Sapulpa v. Land, 101 Okla. 22, 35 A. L. R. 872, 223 P. 640; Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 P. 969.

It is not easy to determine in every case the difference between things which are purely municipal and those which are of general concern, as in some instances the one may inperceptibly merge into the other. In the matter of speed limits, fire limits, fire departments, building construction, sanitary regulations, and such similar things as are clearly of municipal concern only are undoubtedly within the exclusive authority of a city, but in the matter of appeals in criminal cases, where the accused has constitutional and statutory rights, the general law must control. Certainly such charter could not provide that, from convictions in the municipal court for offenses against the city ordinance, appeals must be taken to the district court or to the Criminal Court of Appeals. But section 4653, Comp. Stat. 1921, controls, and the appeal must be to the county court and in the manner provided by the general laws of the state. We are clearly of the opinion that the general provisions of the statute shall govern in the matter of procedure and method of appeal from the municipal court to the county court.

The defendant further argues that, in case this court should hold that the procedure is governed by the general law, there is a sufficient compliance with its provisions by a defendant filing with the municipal court her appeal bond, reciting that she desires to appeal from said judgment to the county court. The provision of the statute providing for notice of appeal (section 4654,

Comp. St. 1921) evidently was enacted so that a defendant who was not able to execute an appeal bond might appeal. The appeal was complete upon filing the demand, although the judgment was not stayed unless an appeal bond was filed within ten days. Under the statute as it existed prior to the amendment by section 3, c. 127, Session Laws 1917, appeals could be taken only by filing an appeal bond. The amendment of 1917 gave a right of appeal without a bond by filing a written demand.

We perceive no reason why the demand may not be incorporated as a part of the appeal bond. The word "demand" is defined as "to ask," "to claim," etc. "Desire" is defined as "to ask," "request," etc. The terms of the appeal bond sufficiently satisfy the requirements of the statute.

The case is reversed and remanded, with instructions to the lower court to set aside its order of dismissal.

BESSEY, P. J., and DOYLE, J., concur.