## ALEX WILKERSON v. CITY OF LAWTON.

No. A-6597.   Opinion Filed July 20, 1929.
(279 Pac. 972.)

L. M. Gensman, for plaintiff in error.

Black & Black, for defendant in error.

DAVENPORT, J.   The plaintiff in error, Alex Wilkerson, was arrested in the municipal court of the city of Lawton, Comanche county, Oklahoma, upon a complaint that charged him with having violated a city ordinance, in that the said Alex Wilkerson did unlawfully and willfully run a joint, contrary to the ordinance of the city of Lawton, in such cases made and provided, and against the peace and dignity of the city.

On the 22d day of February, 1927, the defendant was tried in the municipal court, found guilty and his punishment assessed at a fine of $20.   The defendant tendered his appeal bond within the time provided by law, which was by the court approved, and a transcript certified by the municipal judge to the county court of Comanche county.   The transcript was filed on the 26th day of February, 1927, in the county court.   On March 24, 1927, Owen Black, attorney for the city of Lawton, filed a motion to dismiss the appeal; the ground of his motion being that no written notice or demand for said appeal was filed, as required by law.   The motion was considered by the court, and sustained, and the said Alex Wilkerson appeal was dismissed.

The only question in this case is, Did the said Alex Wilkerson comply with the statute, and give the proper notice in order to perfect his appeal?   Sections 4654 and 4655, Comp. St. 1921. read as follows:

"4654. * * * Such appeal shall be allowed upon the filing of a written demand by the defendant, at any time within ten days after the rendition of such judgment, provided, that such appeal shall not stay the execution of such judgment unless within said ten days the defendant shall enter into recognizance payable to said municipality, to be approved as to amount, form and sureties by the trial judge in the penal sum double the amount of fine and costs, but not less than fifty dollars ($50.00)."

"4655. * * * Upon the filing of such written demand, as herein provided, such appeal shall be perfected, and upon the filing and approval of such recognizance, as herein provided, all other proceedings before such municipal judge shall cease and be stayed and it shall be the duty of such municipal judge within five days thereafter to deliver to the county court such written demand and recognizance, if given, and a transcript of the proceedings in such case and all of the papers and documents appertaining thereto; and such court shall file the same; provided, however, the failure upon the part of such judge or clerk to perform any duty provided shall in no manner affect or make invalid such appeal."

There is nothing in the transcript to show that the plaintiff in error, Alex Wilkerson, filed any written demand at any time within ten days after the rendition of the judgment in the municipal court of his intention to appeal from the judgment. The transcript does show that he filed an appeal bond.

There are three errors assigned by the plaintiff in error as grounds for a reversal. From an examination of the record, the third is the only error we deem necessary to consider, which is as follows:

"That the court erred in sustaining the motion of the defendant in error, for the reason that plaintiff in error had perfected his appeal as provided by law. All of which are shown by the transcript and record hereinbefore referred to."

56 

Sections 4654 and 4655, supra, define what is necessary to be done to perfect an appeal from the municipal court to the county court. Upon an examination of the record, we find no demand in writing was filed by the plaintiff in error with the municipal court of his intention to appeal from its judgment to the county court. Statutes providing the manner by which an appeal may be taken are mandatory, and, unless complied with, the appeal will be dismissed. Everts v. Town of Bixby, 24 Okla. Cr. 176, 103 Pac. 621; Sarten v. State, 18 Okla. Cr. 107, 193 Pac. 743; Duncan v. State, 23 Okla. Cr. 387, 215 Pac. 218.

There being no written demand filed as required by the statute to appeal from the municipal court to the county court, the county court was without jurisdiction to consider the appeal, and the trial court did not err in sustaining the motion to dismiss.

For the reasons stated, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.