## J. W. EISIMINGER v. OKLAHOMA CITY.

No. A-9221. June 25, 1937.
(69 P. 2d 1046.)

Paul R. Dillard, of Oklahoma City, and James E. Anderson, of Dallas, Tex., for plaintiff in error.

Harlan Dupree, Municipal Counselor, and Robert L. Berry, Asst. Municipal Counselor, both of Oklahoma City, for the city.

BAREFOOT, J. This case involves the question of what is the proper procedure in appealing from municipal courts to the county courts of this state. The defendant was convicted in the municipal court of Oklahoma City, where he was charged with the crime of running a stop line. He was find $5 and $1 costs. He executed a bond which was duly approved, and appealed to the county court of Oklahoma county. The city attorney of Oklahoma City appeared in the county court and filed a motion seeking a dismissal of the appeal for the reason that no written notice or demand was filed by the defendant prior to the taking of said appeal to the county court, as required by section 6455, Okla. Stats. 1931, 11 Okla. St. Ann. § 754. The county court sustained the motion of the city attorney and dismissed the appeal of defendant. From this order of dismissal, he has appealed to this court.

The defendant contends that under the law, the giving of a bond, having the same approved and filed, and a transcript properly transferred to the county court is all that is necessary to perfect his appeal. The city contends that it is necessary for the defendant to file a written demand or notice within ten days after the rendition of the judgment against him, before an appeal to the county court may be perfected. This is the issue in this case. Its answer requires the construction of several Oklahoma statutes. Section 6448, O. S. 1931 (11 Okla. St. Ann. § 723), was enacted in 1890, and has been carried through the various statutes of this state as fol-

lows: St. 1893, § 619; St. 1903, § 432; R. L. 1910, § 659; C.O.S. 1921, § 4648, which reads as follows:

"In all cases before the police judge an appeal may be taken by the defendant to the district, superior or county court, but no such appeal shall be allowed unless the defendant, within ten days, shall enter into a recognizance with good and sufficient sureties, to be approved by the police judge, conditioned for the personal appearance of the appellant before the appellate court on the first day of the next term thereof."

The charter provision for appeal from conviction in municipal court in Oklahoma City is as follows:

"All persons who shall be accused or informed against, tried and convicted in the municipal court are hereby granted the right of appeal within ten days to the county court of Oklahoma county, where a trial in said county court shall be accorded them, de novo, and, in order to perfect such appeal, the party intending to appeal from such judgment of the municipal court or judge shall within said ten days file with and cause to be approved by said municipal court or judge an appeal bond in the sum to be fixed by the court, not less than $50 nor more than $200 in any one case, conditioned that such appellant shall appear when such case may be called in the county court and shall perform the judgment there rendered against him, which appeal bond shall be signed by one or more good and sufficient sureties who may be required to qualify to said bond, and when said bond shall be so filed and approved the appeal to said county court shall be perfected."

In 1915 (chapter 147) the Legislature passed a general act (now St. 1931, § 6452 et seq., 11 Okla. St. Ann. § 751 et seq.) regulating appeals from judgments of municipal courts, prescribing the procedure thereof, and repealing all laws in conflict therewith. By the terms of said act it is provided:

"Section 2. In all cases before a municipal court, except a judgment rendered on confession, an appeal may be taken by the defendant to the county court, and to such court only, where the trial thereof shall be had de novo on questions of both law and fact.

"Section 3. No such appeal shall be allowed, however, unless the defendant shall, within ten days after the rendition of such judgment, enter into a recognizance payable to said municipality, to be approved as to amount, form, and sureties, by the trial judge, in the penal sum of not less than $50 nor more than $500, and in no case less than double the amount of the fine and cost.

"Section 4. Upon the filing and approval of such recognizance as herein provided, such appeal shall be perfected, and all other proceedings before said municipal judge shall cease and be stayed; and it shall be the duty of said municipal judge, within five days thereafter, to deliver to the county court such recognizance and a transcript of the proceedings in said case and all of the papers and documents appertaining thereto; and such court shall file the same; provided, however, the failure upon the part of such judge or clerk to perform any duty herein provided, shall in no manner affect or make invalid such appeal. No notice of appeal shall be required or served. * * *

"Section 15. All acts and parts of acts in conflict with any provisions of this act are hereby repealed."

In 1917 the Legislature of the state, chapter 127, 11 Okla. St. Ann. §§ 751, 753, 754, 756, passed a law specifically amending sections 1, 3, 4, and 6, and repealing section 11 of chapter 147 of the Session Laws of 1915 above quoted. That part of said act pertaining to the issues in this case was as follows:

"Section 2. That section 3, of chapter 147 of the Session Laws of Oklahoma, 1915, be and the same is hereby amended to read as follows:

"Section 3. Such appeal shall be allowed upon the filing of a written demand by the defendant, at any time within ten days after the rendition of such judgment, provided that such appeal shall not stay the execution of such judgment unless within said ten days the defendant shall enter into recognizance payable to said municipality, to be approved as to amount, form and sureties by the trial judge in the penal sum double the

amount of fine and costs, but not less than fifty dollars ($50.00).

"Section 3. That section 4 of chapter 147, of the Session Laws of Oklahoma, 1915, be and the same is hereby amended to read as follows:

"Section 4. Upon the filing of such written demand, as herein provided, such appeal shall be perfected, and upon the filing and approval of such recognizance, as herein provided, all other proceedings before such municipal judge shall cease and be stayed and it shall be the duty of such municipal judge within five days thereafter to deliver to the county court such written demand and recognizance, if given, and a transcript of the proceedings in such case and all of the papers and documents appertaining thereto; and such court shall file the same; provided, however, the failure upon the part of such judge or clerk to perform any duty provided shall in no manner affect or make invalid such appeal.

"Section 5. That section 6 of chapter 147 of the Session Laws of Oklahoma, 1915, be and the same is hereby amended to read as follows:

"Section 6. Appeals may be taken from the county court to the Criminal Court of Appeals from the judgment of such county court in the same manner as appeals in criminal cases are now prosecuted from the county court to the Criminal Court of Appeals."

It will be noted that the above sections specifically amend certain sections of the 1915 laws above quoted by definite and specific language. An examination of the above statutes and applying to them the general rules of construction of statutes, one can but come to the conclusion that the act of the Legislature of 1915, above quoted, repeals all former acts covering the same subject-matter, and section 6448, Okla. Stats. 1931, 11 Okla. St. Ann. § 723, supra, which was brought over from territorial days was repealed, not by implication, but by the direct terms of the act of 1915. It being in direct conflict with said act. The fact that this section of the statute was brought over into the Statutes of 1931 could have

no effect for the reason that the publication of the 1931 statutes was not an adaptation of a code, but was merely a revision thereof. This left the act of 1915 in full force and effect as to the procedure governing appeals from municipal courts to the county courts of this state from the period of its enactment until it was amended by the Session Laws of 1917. During that period the giving of the bond, having the same approved and filed, and the transcript filed in the county court, as provided by law, was all that was necessary to perfect an appeal to the county court. But it will be seen, as noted above, that by the enactment of the 1917 Session Laws, certain amendments were made to this statute which provided that before the defendant had the right of appeal, he should file a written demand within ten days after the rendition of the judgment against him. There is no difference between a written demand and a written notice as contended by defendant. It is further provided by said act that the defendant shall have the right to stay the execution of said judgment by entering into a recognizance payable to the municipality as prescribed by said act. We do not believe it was the intention of the Legislature to only give another mode of appeal, but that it prescribes exact terms by which an appeal might be had from a municipal court to the county court.

With reference to the contention that the provisions of the charter should prevail in governing appeals cannot be upheld for the reason that the Constitution of this state (section 3 (a), article 18) provides that the charter shall not be in conflict with the Constitution and laws of this state, and the courts have uniformly held the provisions of the charter prevail only in matters purely municipal; but when the provisions are in conflict with the general laws of the state in matters not purely municipal, the general laws of the state will control. There is no doubt that in matters of appeals in criminal cases where the accused has constitutional and

statutory rights, the general laws should control. This contention is supported by section 1, chapter 147, of the Session Laws of 1915, 11 Okla. St. Ann. § 751, where it says:

"Such proceedings are hereby declared to be criminal in their nature; and except as otherwise specially provided, shall be governed by, and subject to, general laws relating to criminal procedure." Board of Education of City of Ardmore et al. v. State, 26 Okla. 366, 109 P. 563; State ex rel. Burns v. Linn, 49 Okla. 526, 529, 153 P. 826, Ann. Cas. 1918B, 139; City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, 35 A.L.R. 872.

Two cases from this court have been referred to by both the defendant and the city as bearing upon this case. They are Fossett v. State, 34 Okla. Cr. 106, 245 P. 668, and Wilkerson v. City of Lawton, 44 Okla. Cr. 53, 279 P. 972. In the Fossett Case the court holds that the act of the 1917 Legislature, being section 6454, Okla. Stats. 1931, 11 Okla. St. Ann. § 753, controls over the provisions of the charter, and that appeals from municipal courts to county courts are governed by the general laws of the state, and that the above section must be complied with, and a written demand given before perfecting an appeal. The court, however, holds that by the execution of the bond in that case, it reciting she desired to appeal from said judgment to the county court, was sufficient to comply with the statute. We have examined the record in that case and find that the bond had in its face the following provision: "And said principal desires to appeal from said judgment to the county court of Oklahoma county." No such expression appeared in the bond in the instant case. It simply recited the conviction and agreed that the defendant would appear at the next term of the county court of Oklahoma county. The Wilkerson Case is directly in point. The appeal to the county court was dismissed in that case, for the reason that no written demand was filed by the defendant as required by the statute, and the court said:

"Under the provisions of section 4655, Comp. St. 1921, 11 Okla. St. Ann. § 754, a written demand of the intention of the defendant to appeal from the municipal court is mandatory, and, unless that written demand is filed, the county court is without jurisdiction, and a motion to dismiss the appeal is properly sustained."

It will thus be noted that these cases are really not in conflict. But should it be considered they were in conflict, we think the decision in the Wilkerson Case is in harmony with the construction we have placed upon the statutes involved in this case.

We are, therefore, of the opinion that the judgment of the county court of Oklahoma county should be affirmed, and it is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.