## MRS. W. H. DAVIS v. CITY OF ARDMORE.

No. A-10193.    July 28, 1943.

(140 P. 2d 598.)

Kenneth B. Kienzle, of Shawnee, for plaintiff in error.

J. B. Moore, City Atty., of Ardmore, for defendant in error.

PER CURIAM. Plaintiff in error was tried and convicted in the municipal court of the city of Ardmore of a violation of a certain city ordinance, defining vagrancy, and it appears from the record that an appeal was attempted to be taken to the county court of Carter county, and the appeal to this court was taken from the order and judgment of the county court made on the 27th day of August, 1941, dismissing the appeal, by filing in this court petition in error, and case-made on December 3, 1941.

Omitting formal parts, the order dismissing appeal is as follows:

"On this the 27th day of August, 1941, the above styled and numbered cause coming on for hearing upon the motion of the City of Ardmore through its attorney to dismiss the appeal, the same having formerly been presented by oral argument and submitted on briefs, and taken under advisement, the court at this time, after having considered, the argument of counsel and being fully advised in the premises finds that this court has no jurisdiction due to the fact that the appellant failed to give notice in the Municipal Court of her intention to appeal, and the court is of the opinion that the motion of the appellee, the City of Ardmore to dismiss should be sustained.

"It is therefore ordered, adjudged and decreed by the court that the motion of the City of Ardmore be and is hereby sustained, and said appeal be and is hereby dismissed.

"John E. McCain, County Judge."

It appears from the transcript of the record that the original complaint was filed in the municipal court of the city of Ardmore charging that she "did then and there unlawfully commit the crime of vagrancy by strolling and loitering idly about the streets of the city of Ardmore, having no local habitation and no honest business or employment (between the hours of midnight and 5 A. M.) contrary to section 503 of the ordinance of said city, in such cases made and provided, and against the peace and dignity of the said city."

As shown by the transcript:

"On the 30th day of June 1940, complaint was duly filed against defendant, Mrs. W. H. Davis by Ned T. Prator charging said defendant with the offense of vagrancy under Ordinance No. 3804.

"On the 1st day of July, 1940, the cause came regularly on for hearing before said court, at which time evidence was heard against said defendant upon said charge and defendant was found guilty as charged in the said complaint, and his punishment fixed at a fine of $10.00 and $———costs."

An appeal was attempted to be taken to the county court, appeal bond was duly approved July 8, 1940, by T. E. Roland, police judge.

Counsel for said defendant filed a demurrer to the complaint in the county court on the ground that "said ordinance, as attempted to be applied to and enforced against this defendant, is in violation of article I [II], sec. 2 of the Constitution of the State of Oklahoma."

And: "That the attempt to enforce the vagrancy ordinance of said city of Ardmore against this defendant is in violation of the First and Fourteenth Amendments of the Constitution of the United States."

Omitting title, the city of Ardmore filed the following motion to dismiss the appeal:

"Now comes the city of Ardmore, and for the purpose of this motion, and for this purpose only, moves the court to dismiss the attempted appeal in this matter for the reason this court has no jurisdiction in said cause for the following reasons, towit:

"a. No appeal bond was filed as required by law?

"b. No written notice of appeal was given as required by law.

"J. B. Moore, Attorney for plaintiff."

The only question presented is: Did the said plaintiff in error comply with the statute and give the proper notice in order to perfect her appeal to the county court of Carter county?

The statute in question provides:

"Such appeal shall be allowed upon the filing of a written demand by the defendant, at any time within ten days after the rendition of such judgment, provided, that such appeal shall not stay the execution of such judgment unless within said ten days the defendant shall enter into recognizance payable to said municipality, to be approved as to amount, form and sureties by the trial judge in the penal sum double the amount of fine and costs, but not less than fifty dollars ($50.00)". Laws 1915, ch. 147, § 3; Laws 1917, ch. 127, p. 191, § 2. Sec. 6454, Okla. St. 1931, 11 O.S. 1941 § 753.

There is nothing in the case-made or transcript to show that the plaintiff in error filed any written demand at any time within ten days after the rendition of the judgment in the municipal court of the city of Ardmore of her intention to appeal from the judgment.

The transcript shows that an appeal bond was tendered, approved and filed.

In the case of Wilkerson v. City of Lawton, 44 Okla. Cr. 53, 279 P. 972, this court held under the provisions of the statute, 11 O.S. 1941 § 753, a defendant desiring to appeal from the municipal court must file a written demand with the municipal court of his intention to appeal to the county court, and unless such written demand is filed the county court is without jurisdiction and the motion to dismiss the appeal is properly sustained.

The precise question was before this court in the case of Eisiminger v. Oklahoma City, 67 Okla. Cr. 271, 69 P. 2d 1046, 1049, opinion by Barefoot, Judge, reviewing the statute and decisions of this court, construing the same, concludes as follows:

" 'Under the provisions of section 4655, Comp. St. 1921, 11 Okla. St. Ann. § 754, a written demand of the intention of the defendant to appeal from the municipal court is mandatory, and, unless that written demand is filed, the county court is without jurisdiction, and motion to dismiss the appeal is properly sustained.'

"It will thus be noted that these cases are really not in conflict. But should it be considered they were in conflict, we think the decision in the Wilkerson case is in harmony with the construction we have placed upon the statutes involved in this case."

It follows, therefore, that the order and judgment of the county court of Carter county dismissing the appeal should be affirmed.