# WARD v. STATE.

N. A-11940. Nov. 18, 1953.

(263 P. 2d 526.)

Hickman & Hickman, Tulsa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Lewis J. Bicking, County Atty., Tulsa County, Tulsa, for defendant in error.

POWELL, P. J. J. L. "Buck" Ward and his wife, Mrs. J. L. "Buck" Ward, were charged in the court of common pleas of Tulsa county with the possession of intoxicating liquor with the intent to sell. The case was tried without aid of jury, and the court found the defendants guilty and assessed punishment of each at a fine of $50, and 30 days' imprisonment in the county jail.

Counsel for the appellants has been in default for a brief since June 26, 1953, and did not appear when the case was set down for oral argument on the 30th of September, 1953. Nevertheless, we have studied the record for fundamental error. The facts we believe must have made it difficult for the trial court and the county attorney. Here was a man and wife with no previous record for crime, with the husband regularly employed but not earning sufficient to, they thought,

properly support a large family. A deputy sheriff had appeared at appellant's home, rung the bell and Mrs. Ward appeared at the door. The evidence disclosed that the officer gave her the name of a person said to have sent him there, and he asked if she had any "Sunnybrook". She advised him that she did not, but had some "Old Hickory", and the officer stated that he would take a half pint of that brand of whiskey. He further stated that the price quoted was $2.25. He did not pay the money, but advised Mrs. Ward that he was an officer, arrested her and took possession of five more half pints of whiskey and three half pints of gin that she had in a small refrigerator. The officer permitted Mrs. Ward to 'phone her husband at the place where he worked, and he soon appeared. Under the circumstances, the state had no case against Mr. Ward, except that he admitted that he and his wife owned the whiskey and had been selling a little along to get by, and he promised to quit then and there. So the husband was also charged.

While the judgment and sentence recites that the parties entered their plea of guilty, the record does not bear this out. The evidence heard on motion to surpress was considered as the evidence on trial. The husband convicted himself by his admissions, and the attempted sale by the wife in the absence of her husband when presumably she was not being coerced by him in her actions, together with the admissions of the parties, supports the convictions.

Since preparing the above opinion, counsel for appellants without permission of this court has filed a brief herein, in which it is contended that jurisdiction of a charge of unlawful possession of intoxicating liquor is exclusively in the county court of Tulsa county, and that such cases may not be filed or tried in the court of common pleas of Tulsa county.

This same argument was urged many years ago (1924-1928) as to the municipal criminal court of Tulsa county, and long before that (1909) had been urged as to county superior courts. In Buchanan v. State, 30 Okla. Cr. 362, 369, 236 P. 903, 906, this court said:

"And in the early case of Ex parte Whitehouse, 3 Okla. Cr. 97, 104 P. 372, this court, upon this point, held that section 12, art. 7, of the Constitution should not be construed to confer exclusive jurisdiction upon the county court in misdemeanor cases above the jurisdiction of a justice of the peace, but that the Legislature had the power to confer such jurisdiction on superior courts. It would follow that it would have power to confer such jurisdiction on municipal courts as created by the act in question."

The two above cases may be referred to for the reasoning supporting the rule, which we here reaffirm, and hold applicable to the court of common pleas of Tulsa county, which was established by Laws 1923, ch. 51, p. 89, § 1. See Tit. 20 O.S. 1951 § 651; and Ex parte Haley, 202 Okla. 101, 210 P. 2d 653, 12 A.L.R. 2d 416.

By reason of the foregoing, the judgment of the court of common pleas of Tulsa county must be, and the same is affirmed.

JONES and BRETT, JJ., concur.