2004-NMCA-011

84 P.3d 85

**FEDERAL EXPRESS CORPORATION a Delaware Corporation, Plaintiff–Appellee,**

v.

**Alex A. ABEYTA, Jr., as Bernalillo County Treasurer, New Mexico Taxation & Revenue Department, and John Chavez, as Secretary of the New Mexico Taxation & Revenue Department, Defendants–Appellants.**

No. 23,519.

Court of Appeals of New Mexico.

Nov. 17, 2003.

Certiorari Granted, No. 28,408, Jan. 13, 2004.

38

Gary D. Eisenberg, Betzer, Roybal & Eisenberg P.C., Albuquerque, NM, Andrew G. Schultz, Rodey, Dickason, Sloan, Akin & Robb, P.A. Albuquerque, NM, for Appellee.

Tito D. Chavez, Bernalillo County Attorney, M. David Chacon, II, Assistant Bernalillo County Attorney, Albuquerque, NM, for Appellant Bernalillo County Treasurer.

Patricia A. Madrid, Attorney General, Bridget Jacober, Special Assistant Attorney General, Legal Services Bureau, New Mexico Taxation & Revenue Department, Santa Fe, NM, for Appellant New Mexico Taxation & Revenue Department.

## OPINION

WECHSLER, Chief Judge.

{1} This case involves the distinction between a taxpayer asserting error in the valuation of property and a taxpayer asserting error in the computation of taxes. In the former case, protests must be filed within sixty days, while in the latter case, there is no time limit specified and the general four-year statute of limitations applies. We hold that when a taxpayer makes computational errors in documents submitted to enable the taxing authorities to determine valuation, it is a case of error in valuation, and not computation, and therefore the sixty-day limit applies.

{2} The Bernalillo County Treasurer (County) appeals a summary judgment granted to the Federal Express Corporation (FedEx). The issue in this case is whether FedEx could properly file a claim for refund under NMSA 1978, § 7–38–78 (1981). Because the facts are not in dispute and the issue presented is purely legal, our review is de novo. *See Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We reverse the summary judgment entered in favor of FedEx and remand for entry of a judgment in favor of the County.

{3} Section 7–38–78(A) allows a taxpayer to "bring an action in the district court requesting a change in the property tax schedule in connection with any property listed on the schedule for property taxation in which the owner claims an interest." The action is limited, however, because the statute explicitly disallows actions that "directly challenge the value" and requires that the action be founded on one of the grounds listed in the statute. The statute reads:

Actions brought under this section may not directly challenge the value, classification, allocations of value determined for property taxation purposes or denial of any exemption claimed and must be founded on one or more of the following grounds:

(1) errors in the name or address of the property owner or other person shown on the schedule;

(2) errors in the description of the property for property taxation purposes;

(3) errors in the computation of taxes;

(4) errors in the property tax schedule relating to the payment or nonpayment of taxes;

(5) multiple valuations for property taxation purposes for a single tax year of the same property on the property tax schedule; or

(6) errors in the rate of tax set for any governmental unit in which the owner's property is located.

Section 7–38–78(B). This section does not contain a time limit for filing the request for a change in the property tax schedule, and therefore the general statute of limitations of four years pursuant to NMSA 1978, § 37–1–4 (1880) applies. In contrast, NMSA 1978, §§ 7–38–39 (1983) and –40 (1982) permit a taxpayer to protest property values and classifications, but require the claim for refund to be filed in the district court within sixty days of when the first installment of taxes are due.

{4} FedEx argues that it "is not protesting either the value or the classification of its property." Instead, it argues that "this case involves correction of a simple computational error by FedEx in determining the amount of time its aircraft was present in New Mexico, thereby resulting in an over apportionment of the undisputed value of the aircraft to New Mexico." FedEx relies upon the third ground listed in the statute: "errors in the computation of taxes." Section 7–38–78(B)(3).

{5} Generally, under the Property Tax Code (Code), a county assessor establishes the valuation of property within a county subject to property taxation. NMSA 1978, § 7–36–2 (1995). The Code, however, assigns to the New Mexico Taxation and Revenue Department (Department) the valuation of property used in the conduct of certain businesses, including the airline business. Section 7–36–2(B)(5). FedEx engages in the airline business, transporting packages and cargo throughout the United States.

{6} The Code requires owners of property to annually report information to the Department concerning the property subject to the Department's valuation. NMSA 1978, § 7–38–8(A) (1991). The Department, in turn, mails its notice of valuation to property owners who may protest the Department's valuation. NMSA 1978, §§ 7–38–20,–21 (2001). The Department subsequently certifies to the county assessor the values of all property within a county subject to the Department's valuation. NMSA 1978, § 7–38–30 (1973). These values are used by the New Mexico

Department of Finance and Administration to set tax rates, NMSA 1978, § 7–38–32 (1977), § 7–38–33 (1989), and by the county to impose property taxes. NMSA 1978, § 7–38–34 (1973). The county assessor bases the county's property tax schedules in part on these determined values. NMSA 1978, § 7–38–35(A)(4) (1981).

{7} The Department determines the property tax valuation of commercial aircraft by allocating a portion of the net book value of the aircraft to New Mexico based on the flight time over, and ground time in, New Mexico as a percentage of total flight and ground time of the aircraft for the preceding year. *See* NMSA 1978, § 7–36–32(C) (1975); 3 NMAC 6.5.39(C)(1)(a) (2001). Under the formula contained in the Department's regulations, the net book value is multiplied by two separate percentages: flight time over New Mexico divided by total flight time of the aircraft and ground time in New Mexico divided by total ground time of the aircraft. 3 NMAC 6.5.39(C)(1)(a). The two results are averaged to determine the New Mexico property tax valuation. *Id.*

{8} In 1998, FedEx submitted a report to the Department pursuant to Section 7–36–32, stating a property value of $28,412,389 for its aircraft. Of this amount, $21,681,461 was allocated to the A310 aircraft. Using the property values FedEx submitted, the Department mailed its annual valuation notice to FedEx in May 1998. This notice informed FedEx that it could file an administrative protest of the valuation within thirty days. FedEx did not file an administrative protest. After the tax rate was set and the tax schedule prepared, the County mailed the tax bill to FedEx in November 1998, based on the value FedEx had reported to the Department. Under Section 7–38–40(A)(1), FedEx could have filed a claim for refund within sixty days of the date the first installment of the tax was due. The director of the Department is required to "notify the appropriate county treasurer immediately when a claim for refund is filed." Section 7–38–40(B).

{9} FedEx paid the first installment of property taxes on December 10, 1998. It did not file a claim for refund. On April 19, 1999, FedEx paid the second installment,

with the stamp "PAID UNDER PROTEST." On June 9, 1999, FedEx filed its complaint for property tax refund. It later amended its complaint to add the Department as a defendant. With its complaint, FedEx presented documentation that the correct value for the A310 aircraft was $3,104,833, rather than the $21,681,461 it reported. The error occurred because FedEx calculated the percentage of New Mexico ground time by dividing the number of minutes of New Mexico ground time by the total hours of ground time instead of dividing the number of hours of New Mexico ground time by the total hours of ground time.

{10} Our determination in this case depends on whether this computational error was an error in the valuation of the property or an error in the computation of taxes. In asserting that Section 7–38–78 applies to this case, FedEx characterizes the error in its report to the Department as a computational error in completing its property tax schedule. The County and the Department, also a party in the district court, characterize it as FedEx's error in the valuation of the A310 aircraft used in New Mexico. There is no question that FedEx's erroneous statement of New Mexico ground time directly resulted in an excessive valuation of the aircraft. This excessive valuation was then used to calculate the tax rate and schedule. FedEx does not argue that there was any error in computing the tax rate and ultimate tax bill except for using the erroneous value it reported. The Department's mathematical computations applied to FedEx's value were correct.

{11} The error in the process was, therefore, in the valuation of the property for tax purposes, not in the computation of the taxes. Although the aircraft may have had an undisputed book value, this value was not the property value for taxation purposes. The property value for taxation purposes was the allocated value reported by FedEx, using the formula applying the flight and ground time ratio, and adopted by the Department. Fed Ex's computational error in arriving at this allocated value was not an "error[ ] in the computation of taxes" as contemplated by Section 7–38–78(B)(3). Instead, FedEx's claim was a challenge to the valuation or the allocation of value of its property.

{12} The plain language of Section 7–38–78 prohibits such an action. *See generally Sec. Escrow Corp. v. State Taxation & Revenue Dep't*, 107 N.M. 540, 543, 760 P.2d 1306, 1309 (Ct.App.1988) (stating that in construing the meaning of a particular statute, this Court will "look primarily to the language of the act and the meaning of the words, and when they are free from ambiguity, we will not resort to any other means of interpretation"). *See also In re 1971 Assessment of Trinchera Ranch*, 85 N.M. 557, 558–60, 514 P.2d 608, 609–11 (1973) (indicating a historical aversion to allowing courts to reassess the value of property under a variety of statutes). Because FedEx's claim was for a refund based on an incorrect allocation of the value of its property for tax purposes, its remedy was pursuant to Section 7–38–40, not Section 7–38–78.

{13} We reverse the summary judgment entered in favor of FedEx and remand for entry of a judgment in favor of the County.

{14} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and JONATHAN B. SUTIN, Judges.