This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**NORTHWEST VILLAGES, L.L.C.**,

Plaintiff-Respondent,

**v.**                                                            **NO. 31,980**

**DOMINGO P. MARTINEZ, County Assessor,
and VICTOR A. MONTOYA, County Treasurer,
Santa Fe County, New Mexico**,

Defendants-Petitioners.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Daniel A. Sanchez, District Judge**

Basham & Basham, P.C.
Katherine Ann Basham
Peter A. Dwyer
Mark A. Basham
Santa Fe, NM

for Petitioners

Cassutt, Hays & Friedman, P.A.
Gary S. Friedman
Thomas William Banner
Santa Fe, NM

for Respondent

## DECISION

**BOSSON, Justice.**

## BACKGROUND

Real property owner, Northwest Villages, LLC (Respondent), filed four claims against the Santa Fe County Treasurer and the Santa Fe County Assessor (County), attempting to recover $84,812.73 in paid property taxes from the 2007 tax year as well as attorneys fees and costs. In addition to a Claim of Refund, Respondent alleged three other counts for a tax refund: a Violation of the "Equal & Uniform" Clause of the New Mexico Constitution; a Claim to Amend Tax Schedules pursuant to NMSA 1978, Section 7-38-78(B)(3) (1981); and Constructive Fraud.

The district court dismissed Respondent's Claim of Refund because the statute of limitations for a tax refund had run. Despite the statute of limitations, however, the court allowed the remaining counts to proceed. Challenging the district court's decision to allow the remaining counts, the County filed a Request for Interlocutory Appeal with the Court of Appeals. The request was denied. The County then petitioned for review by this Court and we granted certiorari.

## ANALYSIS

The County argues that because the statute of limitations has run for a tax refund, any alternative claim for essentially the same relief must also be barred. The County further argues that calling relief "equitable" does not exempt it from the statute of limitations, and that sovereign immunity bars recovery from the County unless a statute explicitly waives the immunity. Respondent did not file a response brief in this Court.

**Claim of Refund Statute**

The Legislature has provided property owners with two methods to seek redress if the county has erroneously assessed their taxes under the Tax Code. *See* NMSA 1978, § 7-38-21 (2001). Section 7-38-21 allows the property owner to protest the property's value or classification determined for property taxation purposes. The property owner may protest by filing an administrative petition of protest with the tax authority or a claim of refund in the district court under NMSA 1978, Section 7-38-40 (2003). Property owners who file a protest must do so before paying the contested tax. NMSA 1978, § 7-38-22 (1981). In contrast, property owners claiming a refund in district court do so after paying the assessed taxes, requesting relief as a "refund." *See* NMSA 1978, § 7-38-40(A)(1) (2003). Once an owner pays the taxes assessed, the "protest" option is no longer

3

available.

In this case, Respondent paid the County's assessed taxes and challenged the amount assessed in district court. Thus, the statutory requirements for a claim of refund apply. The Tax Code provides a specific time line for refunds. "Claims for refund shall be filed . . . no later than the sixtieth day after the first installment of the property tax for which a claim for refund is made is due." Section 7-38-40(A)(1). Respondent failed to meet the requirement of a timely filing in this case.

We have considered the effect of similar statutory time requirements on the ability of courts to entertain a claim for refund. Years ago we held that the ability to provide relief against "erroneous judgments of assessing bodies" was limited to that provided by the legislature:

> If the Legislature especially empowers the court to give relief against erroneous judgments of assessing bodies, then the court may act to give such relief. However, the court can only act in the manner provided by the statute and under such conditions as are prescribed by the statute. If a right is granted to an aggrieved taxpayer to recover taxes paid under protest, and a remedy is provided, the right must be exercised in the manner provided by the statute and the remedy must be sought in like manner.

*State v. Blatt (In re Blatt)*, 41 N.M. 269, 278, 67 P.2d 293, 298 (1937). We held, similarly, in *Nowlin v. County of Bernalillo (In re 1971 Assessment of Trinchera*

4

*Ranch)* that "courts should not fix assessment, thereby substituting their judgment for that of the taxing authorities." 85 N.M. 557, 559, 514 P.2d 608, 610 (1973).

Considering similar facts in *Blatt*, we found "[n]o right and no cause of action exists after the sixty days provided by the statute have elapsed." *Blatt*, 41 N.M. at 279, 67 P.2d at 299. We later affirmed that "suits to recover taxes are entirely statutory." *In re 1971 Assessment of Trinchera Ranch*, 85 N.M. at 559, 514 P.2d at 610. In this case, Respondent had avenues to protest the assessed property tax, which it failed to pursue. Now that those avenues are closed, the district court does not have jurisdiction to hear alternative counts for the same purpose.

We find compelling the County's argument that allowing claims beyond those described by statute would strip any possible meaning from the statutory time line and deadline established by the Tax Code. The provisions could be circumvented by simply stating other grounds for the same remedy. "[I]n construing a statute, the legislative intent must be given effect by adopting a construction which will not render the statute's application absurd or unreasonable." *State v. Nance*, 77 N.M. 39, 45-46, 419 P.2d 242, 246-47 (1966).

Further, if other grounds for relief were permitted, the purposes of the Tax Code's time line and deadline—expeditious resolution—would be negated. Counties would not be able to budget if substantial portions of the counties' revenues were in limbo for longer than the statutory limitations established by statute. New Mexico law requires public entities to avoid deficit spending and only allows spending of the public's annual revenues. *See* NMSA 1978, § 6-6-11 (1968). If funds were permitted to be tied up in litigation by way of alternative claims for refund, counties would have a hard time ensuring their budgets were not overspent, or that their funds were used to their full capacity.

Despite our holding that additional, substitute, remedies are not available for a tax refund when the statutorily prescribed remedy is barred, we also address each of Respondent's other claims and reject them as alleged.

**Constitutionality Claim**

Respondent's district court complaint cited the Equal and Uniform Clause of the New Mexico Constitution, N.M. Const. art. VIII, § 1(A), in its second count. That count asserted that "[b]ecause of the Assessor's failure to follow the regulations, orders, rulings and instructions of the Department, [Respondent] has been taxed in a manner that is neither uniform with, nor equal to, the taxation of

property owners within the same class, thus violating [Respondent's] rights under Art. VIII, Sec. 1(A) of the New Mexico Constitution." The Equal and Uniform Clause provides that taxpayers "must not be subjected to discrimination in the imposition of a property tax burden which results from systematic, arbitrary, or intentional revaluation of some property at a figure greatly in excess of the undervaluation of other like properties." *Ernest W. Hahn, Inc. v. Cnty. Assessor for Bernalillo Cnty.*, 92 N.M. 609, 611, 592 P.2d 965, 967 (1978). In addition, these challenges are limited to claims of "well-defined and established scheme of discrimination." *Id.* at 612, 592 P.2d at 968 (internal quotation marks and citation omitted).

Respondent did not file a brief in this Court and its trial court briefing does not assert such discrimination as is required for a claim under the Equal and Uniform Clause of the New Mexico Constitution. Rather, Respondent's constitutional claim is actually a claim of refund. The assertions of inequality were mis-classification of property and erroneous valuation of Respondent's property. Respondent did not claim that the County engaged in an intentional re-evaluation of Respondent's property value as compared with other similar and undervalued properties or in a "scheme" of discrimination. Respondent has not

7

stated a viable claim under the New Mexico Constitution.

**Tax Schedule Claim**

Respondent's third count was to amend the tax schedules pursuant to Section 7-38-78(B)(3). Respondent's amended claim asserted that "[t]he tax schedules concerning [Respondent's] property should be amended to correct and eliminate computation errors due to the over-valuation" of its property. Section 7-38-78(B)(3), however, provides a remedy for "errors in the *computation* of taxes," not errors in valuation of properties. *See Fed. Express Corp. v. Abeyta*, 2004-NMCA-011, ¶ 10, 135 N.M. 37, 84 P.3d 85 (emphasis added). In *Federal Express Corp.,* our Court of Appeals concluded that the taxpayer in that case did not have a claim because the state's "mathematical computations applied to FedEx's value were correct." *Id.*

Respondent asserted in its district court claim that either (1) the classification of its property was incorrect—causing an erroneous valuation, or (2) if the classification was correct, the valuation of the property for that classification was also in error. Just as the taxpayer did in *Federal Express Corp.*, Respondent asserts a mistake in the valuation of the property, not a mistake in the mathematical calculation of the taxes owed given the valuation

8

ascribed to that property. The relief amount requested by Respondent was the difference between the tax actually assessed and the tax that would have been assessed if it were based on Respondent's asserted property value. The amount requested for relief if there had been a miscalculation, however, would have been the difference between the tax that was assessed using improper calculations, less the amount that should have properly been assessed, with each taxation calculation based on the same valuation. Because Respondent only alleged valuation error, and because Respondent only requested relief for mistakes in valuation, relief for a "computation error" under Section 7-38-78(B)(3) is not available.

**Constructive Fraud Claim**

The state and its employees (or political subdivisions) are immune from suit in tort unless liability has been waived under the Tort Claims Act. NMSA 1978, § 41-4-4 (2001). Constructive fraud is a recognized tort in New Mexico. *See N.M. Life Ins. Guar. Ass'n v. Quinn & Co., Inc.*, 111 N.M. 750, 753, 809 P.2d 1278, 1281 (1991). However, because "constructive fraud claims have not specifically been waived by the [Torts Claims Act], the government cannot be sued for these causes of actions." *Valdez v. State*, 2002-NMSC-028, ¶ 9, 132

N.M. 667, 54 P.3d 71.  Thus, Respondent's constructive fraud claim must fail.,

**CONCLUSION**

We reverse that portion of the district court's order which allowed Respondent's alternative claims to proceed.  Accordingly, Respondent's claims are dismissed in their entirety.

**IT IS SO ORDERED**.

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**